BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
Andrew S. Friedman (to be admitted *pro hac vice*)
Garrett W. Wotkyns (to be admitted *pro hac vice*)
2901 North Central Avenue, Suite 1000
Phoenix, Arizona 85012
Telephone:    (602) 274-1100
Facsimile:    (602) 274-1199

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
Todd D. Carpenter (CA 234464)
501 West Broadway Suite 1450
San Diego, California 92101
Telephone:    (619) 756-6978
Facsimile:    (602) 274-1199

*Attorneys for Plaintiff*

FILED
07 NOV 20 AM 11:18
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:       *rP*         DEPUTY

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

RANDY NUNEZ, on Behalf of Himself, and All Others Similarly Situated.

   Plaintiff,

vs.

MICROSOFT CORPORATION, a Washington corporation, and BUNGIE, L.L.C., a Delaware Limited Liability Company.

   Defendants

Case No. 07 CV 2209 L (WMC)

CLASS ACTION

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1. **Breach of Statutory Implied Warranty of Merchantability;**
2. **Breach of Statutory Implied Warranty of Fitness for a Particular Purpose**
3. **Violation of Cal. Bus. & Prof. Code Section 17200**

Demand for Jury Trial

Plaintiff RANDY NUNEZ ("Nunez"), by and through his undersigned attorneys, based on his individual experience and the investigation of counsel, alleges on behalf of himself and on on behalf of the proposed plaintiff Class as defined herein against Defendants MICROSOFT

Class Action Complaint For Damages and Equitable Relief
- 1 -

CORPORATION (hereinafter individually referred to as "Microsoft") and BUNGIE L.L.C. (hereinafter individually referred to as "Bungie") as follows:

## NATURE OF THE ACTION

1. Microsoft and Bungie (collectively referred to as "Defendants") manufacture a "first person" science fiction video game ("*Halo 3*") made and sold for exclusive use on Microsoft's video game console (the "Xbox 360"). The container in which Halo 3 is sold expressly states that Halo 3 is compatible with the Xbox 360.

2. Defendants knew or had reason to know that *Halo 3* was being purchased by consumers for use on an Xbox 360, and that the buyers of *Halo 3* were relying on Defendants' skill and judgment to furnish goods suitable for that purpose.

3. Since the release of *Halo 3* in September 2007, tens of thousands of the *Halo 3* video game have been sold to California consumers.

4. However, *Halo 3* does not function with the Xbox 360, and to the contrary, attempted use of *Halo 3* consistently causes the Xbox 360 to "crash," "freeze" or "lock up" while the game is being played.

5. Although faced with repeated and mounting consumer complaints and inquiries concerning this operational flaw in the *Halo 3*, Defendants have failed to recall *Halo 3* or otherwise remedy its failure to function on the Xbox 360.

6. Under California statutory law, the Song-Beverly Consumer Warranty Act (Civ. Code Sec 1790 *et seq.*), Defendants as manufacturers of *Halo 3* impliedly warrant:

    a. that *Halo 3* is merchantable, that is, that *Halo 3* (i) is fit for the ordinary purpose of operating on the Xbox 360, and (ii) conforms to the affirmations of fact made on the *Halo 3* container; and

    b. that *Halo 3* is fit for the particular purpose of being played on the Xbox 360.

Cal Civ. Code §1791.1(a).

Class Action Complaint For Damages and Equitable Relief
- 2 -

7. Because *Halo 3* is not fit for either its ordinary purpose or for the particular purpose for which it was sold, Defendants have breached the statutorily implied warranties of the Song-Beverly Consumer Warranty Act.

8. Nunez brings this action as a California class action on behalf of himself and all other similarly situated California consumers that have purchased the Product, for all relief authorized under Cal. Civ. Code §1791.1(d) and §1794(a), including the rights of replacement or reimbursement provided for under Cal. Civ. Code §1794(b).

9. The Song-Beverly Consumer Warranty Act is manifestly a remedial measure, intended for the protection of the consumer, which should be given a construction calculated to bring its benefits into action. *Robertson v. Fleetwood Travel Trailers of California, Inc.*, 50 Cal. Rptr. 3d 731, 144 Cal. App. 4th 785 (App. 5 Dist. 2006). The Song-Beverly Consumer Warranty Act was intended to broaden the remedies set out in the California Commercial Code. *Mocek v. Alfa Leisure, Inc.*, 7 Cal. Rptr. 3d 546, 114 Cal. App. 4th 402 (App. 4 Dist. 2003).

10. Any waiver by the buyer of consumer goods of the provisions of the Song-Beverly Consumer Warranty Act, except as expressly provided in the Act, is "deemed contrary to public policy and shall be unenforceable" pursuant to Cal. Civil Code §1790.1.

11. The remedies provided by the Song-Beverly Consumer Warranty Act are cumulative, and do not in particular supplant the provisions of the Unfair Practices Act, Business and Professions Code §17200 et seq. Cal. Civ. Code §1790.4.

12. Furthermore, Defendants' statutory violations and other acts, omissions, misrepresentations, practices and non-disclosures, as alleged herein, also constitute "unlawful," and "unfair" business acts and practices within the meaning of Cal. Bus. & Prof. Code §§17200, *et seq.*

**PARTIES**

13. Microsoft is incorporated under the laws of the State of Washington and maintains its principal executive offices at One Microsoft Way, Redmond, Washington. Microsoft is responsible for the manufacture and sale of *Halo 3*.

14. Bungie is incorporated under the laws of the State of Delaware and maintains its principle executive offices at 434 Kirkland Way, Kirkland, Washington. Bungie is also responsible for the manufacture and sale of *Halo 3*.

15. Nunez resides in the County of San Diego, State of California.

16. At all times herein mentioned, there existed a unity of interest in ownership between the Defendants such that any individuality and separateness between them with respect to the manufacture and sale of *Halo 3* has ceased.

## JURISDICTION AND VENUE

17. This Court has jurisdiction over this matter pursuant to the 15 U.S.C. §1121 and subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1) and (d)(2)(A), in that this action seeks monetary relief in excess of $5,000,000, exclusive of costs and attorneys' fees and interest and is between citizens of different states.

18. This Court has jurisdiction over Microsoft, a Washington corporation, because it is authorized to conduct business in California and has intentionally availed itself of the laws and markets of California in the promotion and marketing of its video games, including *Halo 3*, in California.

19. This Court has jurisdiction over Bungie, a Delaware corporation, because it is authorized to conduct business in California and has intentionally availed itself of the laws and markets of California in the promotion and marketing of *Halo 3* in California.

20. Venue is proper within this District pursuant to 28 U.S.C. §1391(b)(2) because Defendants both conduct substantial business in this County and Nunez resides in this County. Venue is also proper in this Court because a substantial part of the acts and practices giving rise to Nunez's claims occurred or will occur in this County. Defendants have received substantial compensation from their sale of the *Halo 3* product in this County, and Nunez in particular purchased his *Halo 3* in this County.

## GENERAL ALLEGATIONS

21. "Halo" video games are a series of science fiction games originally created by Bungie Software Products Corporation, which was acquired by Microsoft in May 1991. *Halo 3*, the third

edition of the game, is designed, manufactured, marketed, and sold by Defendants to be played exclusively on the Xbox 360 video game console.

22. The story line of the *Halo 3* video game builds upon the previous version of the Halo series of video games. The first Halo video game, entitled *"Halo: Combat Evolved,"* was released in November of 2001 exclusively for the Xbox gaming system. Following the success of the original game, Microsoft released the second Halo video game, entitled *"Halo 2"* in November of 2004. The game's sales generated over $125 million dollars on its première day, making it the fastest selling U.S. media product in history. (*See* "Microsoft raises estimated first day *Halo 2* sales to $125 million-plus," Tor Thorsen, *Gamespot*, Nov. 10, 2004; http://www.gamespot.com/news/2004/11/10/news_6112915.html (last viewed on November 10, 2007).) As of August 30, 2007, 8 million units of the game have been sold worldwide." (*See* "Grand Theft Auto, *Halo 3* headed to Xbox 360," Chris Morris, *CNNMoney.com* May 9, 2006; http://money.cnn.com/2006/05/09/technology/e3_microsoft/index.htm (last viewed on November 10, 2007).)

23. On September 25, 2007, Microsoft released *Halo 3*, generating over $170 million in sales in the first 24 hours following its release. Microsoft reported that worldwide sales of over $300 million in the first week of its release. (*See* "Microsoft says 'Halo' 1st-week sales were $300 million," *San Francisco Reuters*, October 4, 2007; http://uk.reuters.com/article/technologyNews/idUKN0438777720071005 (last viewed on November 10, 2007).)

24. On October 1, 2007, six days following the release of *Halo 3*, Bungie split from Microsoft and became a privately held limited liability company. On information and belief, Microsoft retains an ownership interest in Bungie, and Defendants collectively continue to manufacture and sell the *Halo 3*.

25. At all time herein mentioned, Defendants manufactured, marketed, advertised, and represented on the *Halo 3* product packaging that the *Halo 3* video game was compatible with Microsoft's Xbox 360 video game console. (*See* Product Packaging attached as Exhibit, "A") The front of the product packaging represents "Only on XBOX 360" and the back of the packaging

represents that *Halo 3* is for exclusive use on the Xbox 360 in the NTSC format, representing the format for all Xbox 360 consoles sold for use in the United States.

26. Defendants thus unquestionably knew or had reason to know that *Halo 3* was being purchased by consumers for use on an Xbox 360, and that the buyers of *Halo 3* were relying on Defendants' skill and judgment to furnish goods suitable for that purpose.

27. After consumers, including Mr. Nunez, inserted the *Halo 3* video game into their respective Xbox 360 video game consoles and began game play, however, the *Halo 3* video game routinely, consistently, and systematically "froze," "crashed" or "locked up" – disrupting game play and rendering the game inoperable.

28. Many consumers have reported that the *Halo 3* video game has caused their Xbox video game consoles to crash and remain totally inoperable after playing the *Halo 3* video game. Manifold recent consumer complaints on industry Internet websites, weblogs and message boards reflect the existence of the design and/or manufacturing defect in the Defendants' *Halo 3* video game

29. Defendants have also received numerous complaints directly from their customer service forums on-line, directly from consumers of the game via their telephone customer service line, and in writing. However, Defendants have failed to acknowledge the propensity of *Halo 3* to freeze, lock up and/or crash the Xbox 360.

### NUNEZ'S PURCHASE OF *HALO 3*

30. Nunez purchased the *Halo 3* video game on or around the middle of October, 2007 at "Gamestop," a video game retail store located at 530 Horton Plaza, San Diego, California 92101.

31. Defendants knew or had reason to know that *Halo 3* was being purchased by Nunez for use on an Xbox 360, and that Nunez was relying on Defendants' skill and judgment to furnish goods suitable for that purpose.

32. Nunez paid $59.99, plus tax, for *Halo 3*.

33. Following his purchase of the *Halo 3* video game, Nunez attempted to play it on his Xbox 360 video game console. However, Nunez's *Halo 3* video game repeatedly locked up, froze and/or crashed while being operated on Mr. Nunez's Xbox 360 game console.

## CLASS ALLEGATIONS

34.  Nunez brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3), on behalf of all California consumers who, at any time from August of 2007 and the date of class certification, purchased the *Halo 3* video game. Excluded from the class are Defendants and any of their officers, predecessors, successors, directors, affiliates and employees.

35.  The Class is so numerous that joinder of their members is impracticable.

36.  The exact number of Class members is unknown to Nunez at this time and can only be ascertained through appropriate discovery.

37.  There are numerous questions of law and fact common to Nunez and the Class members as set forth above, including:

- Whether the implied warranty of merchantability under Cal. Civ. Code §1791.1 applies to *Halo 3*;
- Whether *Halo 3* as sold by Defendants is in fact merchantable within the meaning of Sec. Cal. Civ. Code §1791.1;
- Whether the implied warranty of fitness under Cal. Civ. Code §1791.1 applies to *Halo 3*
- Whether *Halo 3* as sold by Defendants is in fact fit for a particular purpose within the meaning of Sec. Cal. Civ. Code §1791.1;
- Whether Defendants breached the implied warranty of merchantability;
- Whether Defendants breached the implied warranty of fitness;
- Whether purchasers of *Halo 3* are entitled to damages under Cal. Civ. Code §1794; and
- Whether purchasers of *Halo 3* are entitled to other alternative forms of relief under Cal. Civ. Code §1794;
- Whether Defendants' business acts and practices violated Cal. Bus. & Prof. Code §§17200 et seq.;
- Whether Nunez and the Class are entitled to injunctive, declaratory and other equitable relief under Cal. Bus. & Prof. Code §§17200 et seq..

38. Nunez's claims are typical of the claims of the Class members. If brought and prosecuted individually, the claims of each Class member would require proof of many of the same material and substantive facts, rely upon the same remedial theories and seek the same relief.

39. Nunez's claims are sufficiently aligned with the interests of the absent Class members to ensure that the Class claims will be prosecuted with diligence and care by Nunez as representatives of the Class.

40. Nunez will fairly and adequately protect the interests of the Class and have no interests antagonistic to those of the other Class members.

41. Nunez is willing and prepared to serve the Court and proposed Class in a representative capacity with all the obligations and duties material thereto.

42. Nunez has retained attorneys experienced in class actions and complex litigation as counsel.

43. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendants have acted or refused to act on grounds generally applicable to the Class, making final declaratory or injunctive relief appropriate.

44. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that common questions of law and fact predominate over any questions affecting only individual members.

45. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

- Given the size of individual Class members' claims and the expense of litigating those claims, few, if any, Class members could afford to or would seek legal redress individually for the wrongs Defendants have committed against them, and absent Class members have no substantial interest in controlling the prosecution of individual actions;
- This action will promote an orderly and expeditious administration and adjudication of the Class's claims;
- Economies of time, effort and resources will be fostered and uniformity of decisions will be ensured; and

Class Action Complaint For Damages and Equitable Relief
- 8 -

- Without a class action, Defendants' violations of law will proceed without remedy while Defendants continue to reap and retain the substantial proceeds of their wrongful conduct.

46. Nunez knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

## COUNT 1:

### BREACH OF STATUTORY IMPLIED WARRANTY OF MERCHANTABILITY (VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT, CAL. CIV. CODE §1791.1(a))

47. Nunez repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

48. Nunez is a "buyer" within the meaning of the Song-Beverly Consumer Warranty Act. Cal. Civ. Code §1791.

49. *Halo 3* is a "consumer good" within the meaning of the Song-Beverly Consumer Warranty Act. Cal. Civ. Code §1791.

50. Defendants are "manufacturers" of *Halo 3* within the meaning of Cal. Civ. Code §1791.

51. Defendants impliedly warranted to Nunez and the Class that *Halo 3* was "merchantable" within the meaning of Cal. Civ. Code §§1791.1(a) and 1792.

52. In particular, Defendants impliedly warranted that *Halo 3* was fit for the ordinary purpose of operating on the Xbox360, and conformed to the affirmation of that fact made on the *Halo 3* container.

53. Defendants have breached the implied warranty of merchantability, because the *Halo 3* video games freeze, lock up and/or crash the Xbox 360 video game console when operated in their intended use on the Xbox 360. Defendants continue to breach the implied warranty of merchantability to this day because they have failed to correct the defect in *Halo 3*.

54. As a proximate result of Defendants' breach of the implied warranty of merchantability, Nunez and the Class sustained damages including, but not limited to, the purchase price of *Halo 3*.

55. Pursuant to Cal. Civ. Code §1791(d) and §1794(a), Nunez and the Class are entitled to damages and other legal and equitable relief including, at their election, the rights of replacement and reimbursement.

## COUNT 2:
## BREACH OF IMPLIED WARRANTY OF FITNESS
## (VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT, CAL. CIV. CODE §1791.1(b))

56. Nunez re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herewith.

57. Defendants impliedly warranted to Nunez and the Class that *Halo 3* was fit for the particular purpose of being operated on the Xbox 360 within the meaning of Cal. Civ. Code §§1791.1(b).

58. Defendants knew or had reason to know that *Halo 3* was being purchased by Nunez and the Class for use on an Xbox 360, and that the buyers of *Halo 3* were relying on Defendants' skill and judgment to furnish goods suitable for that purpose.

59. Defendants have breached the implied warranty of fitness, because the *Halo 3* video games freeze, lock up and/or crash the Xbox 360 video game console when operated in their particular purpose of use on the Xbox 360. Defendants continue to breach the implied warranty of fitness to this day because they have failed to correct the defect in *Halo 3*.

60. As a proximate result of Defendants' breach of the implied warranty of fitness, Nunez and the Class sustained damages including, but not limited to, the purchase price of *Halo 3*.

61. Pursuant to Cal. Civ. Code §1791(d) and §1794(a), Nunez and the Class are entitled to damages and other legal and equitable relief including, at their election, the rights of replacement and reimbursement.

## COUNT 3:
## CALIFORNIA UNFAIR COMPETITION LAW
## (VIOLATION OF CAL. BUSINESS & PROFESSIONS CODE §§ 17200)

62. Nunez re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herewith.

63. The conduct alleged in this complaint constitutes unlawful and unfair business acts and practices within the meaning of the California Unfair Competition Law, §§17200, *et seq.* of the California Business and Professions Code. Nunez and the Class have suffered injury in fact and lost money or property as a result of Defendants' violations of law and wrongful conduct.

64. Defendants' actions are unlawful and unfair because they have violated, *inter alia*, the Song-Beverly Act, and because in their pursuit of profit, Defendants have made their product defective and inoperable in its intended use.

65. Defendants' actions are unfair because they did not inform the purchasers of their product that the *Halo 3* video game freezes, locks up and/or crashes when it is utilized in its intended use on Defendant Microsoft's Xbox 360 video game console. Defendants have deceived consumers who reasonably believed that the *Halo 3* video game would perform reliably in its intended use and permit purchasers to play the video game without substantial interruption.

66. Defendants' acts, omissions, misrepresentations, practices and non-disclosures, as alleged herein, also constitute "unfair" business acts and practices within the meaning of Cal. Bus. & Prof. Code §§17200, et seq. Defendants' practices offend public policy and are unethical, oppressive, unscrupulous, and violate the laws stated. Defendants' conduct caused and continues to cause substantial injury to consumers, including Nunez and the Class and was not reasonably avoidable by the consumers themselves. The gravity of Defendant's alleged wrongful conduct outweighs any purported benefits attributable to such conduct. There also were reasonably available alternatives to the Defendants to further their business interests other than the wrongful practices described herein. As a result, Defendants engaged in unfair business practices prohibited by Cal. Bus. & Prof. Code §17200, *et seq.* Finally, Defendants' conduct, acts and omissions violate public policy against sharp and deceptive practices, false advertising, fraud and deception.

67. Defendants' acts, omissions, misrepresentations, practices and non-disclosures, as alleged herein, also constitute "fraudulent" business acts or practices within the meaning of Cal. Bus. & Prof. Code §17200. Defendants' misrepresentations, non-disclosures and concealments were false, misleading, untrue, deceptive and likely to deceive and in fact did deceive Nunez and members

of the class. Defendants either knew, recklessly disregarded, or should have known their product representations were untrue and/or misleading.

68.   Accordingly, Defendants have violated the Unfair Competition Law's proscription against engaging in unlawful, unfair, and fraudulent business practices.

69.   As a result of this unlawful, unfair, and fraudulent conduct, Nunez and other members of the Class have been damaged.

70.   Defendants' conduct is continuing and unless equitable relief is granted, the sale of *Halo 3* video games for exclusive use on Xbox 360 game consoles will continue unabated.

71.   Defendants are in addition liable for restitutionary disgorgement and all other relief available under California law to remedy violations of §17200.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF AND THE CLASS pray for judgment and relief as follows:

A.   For an Order that this action may be maintained as a class action pursuant to Rule 23(b)(2) of the *Federal Rules of Civil Procedure* with respect to Nunez's claims for equitable relief, and Rule 23(b)(3) of the *Federal Rules of Civil Procedure* with respect to Nunez's incidental claims for damages and other monetary relief, and declaring Nunez as representative of the Class and his counsel as counsel for the Class;

B.   For an Order determining that the conduct alleged herein violates the Song-Beverly Consumer Warranty Act and entering appropriate monetary and equitable relief pursuant to that law;

C.   For an Order determining that the conduct alleged herein violates the California Unfair Competition Law, §§17200, *et seq.* of the California Business and Professions Code and entering appropriate monetary and equitable relief pursuant to that law;

D.   For costs of suit, including reasonable attorneys' fees, and pre- and post-judgment interest;

E.   For such other, further, and different relief as the nature of the case may require or as may be determined to be just, equitable, and proper by this Court.

1 | DATED: November 20, 2007

*[signature: Todd D. Carpenter]*

BONNETT, FAIRBOURN, FRIEDMAN
 & BALINT, P.C.

ANDREW S. FRIEDMAN
GARRETT W. WOTKYNS
2901 N. Central Avenue, Suite 1000
Phoenix, AZ 85012
Telephone: 602/274-1100
602/274-1199 (fax)

BONNETT, FAIRBOURN, FRIEDMAN
 & BALINT, P.C.

TODD D. CARPENTER
501 West Broadway Suite 1450
San Diego, CA 92101
Telephone: 619/756-6978

## JURY TRIAL DEMAND

Nunez demands a trial by jury on all issues so triable.

DATED: November 20, 2007

*/s/ Todd D. Carpenter*

BONNETT, FAIRBOURN, FRIEDMAN
&amp; BALINT, P.C.

ANDREW S. FRIEDMAN
GARRETT W. WOTKYNS
2901 N. Central Avenue, Suite 1000
Phoenix, AZ 85012
Telephone: 602/274-1100
602/274-1199 (fax)

BONNETT, FAIRBOURN, FRIEDMAN
&amp; BALINT, P.C.

TODD D. CARPENTER
501 West Broadway Suite 1450
San Diego, CA 92101
Telephone: 619/756-6978

# EXHIBIT "A"

# EXHIBIT "A"





```
         UNITED STATES
         DISTRICT COURT
      SOUTHERN DISTRICT OF CALIFORNIA
           SAN DIEGO DIVISION

         # 144675     - SH
         * * C O P Y * *
         November 20, 2007
             11:09:21


         Civ Fil Non-Pris
            07-02209
USAO #.: 07CV2209-L
Judge..: M. JAMES LORENZ
Amount.:              $350.00 CC
Check#.: 020307



Total->   $350.00


FROM: NUNEZ V. MICROSOFT
```

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
RANDY NUNEZ, on Behalf of Himself, and All Others Similarly Situated.

**(b)** County of Residence of First Listed Plaintiff: San Diego County
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Bonnett, Fairbourn, Friedman & Balint, P.C.
501 West Broadway, Suite 1450 / San Diego, CA 92101 (619)756-6978

## DEFENDANTS
MICROSOFT CORPORATION, a Washington Corporation, and BUNGIE, L.L.C., a Delaware Limited Liability Company.

County of Residence of First Listed Defendant: King County, WA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known): Presently Unknown

FILED 07 NOV 20 AM 10:14 CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

07CV 2209 DEPUTY L (WMC)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | PERSONAL INJURY | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | ☐ 365 Personal Injury - Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | PERSONAL PROPERTY | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 370 Other Fraud | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 371 Truth in Lending | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 380 Other Personal Property Damage | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 385 Property Damage Product Liability | | | |
| CIVIL RIGHTS | PRISONER PETITIONS | | | |
| ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 442 Employment | Habeas Corpus: | | | |
| ☐ 443 Housing/Accommodations | ☐ 530 General | | | |
| ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Section 1121 and 28 U.S.C. Section 1332(a)(1) and (d)(2)(A)

Brief description of cause:
Consumer class action alleging violations of the CA Song-Beverly Act and Cal Bus. Prof. Code Sec. 17...

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Damages > 5,000,000; Equitable Relief
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE: 
DOCKET NUMBER:

DATE: 11/20/07
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 144675  AMOUNT $350  APPLYING IFP  JUDGE  MAG. JUDGE

SU 11/20/07