1

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.

2

Andrew S. Friedman (to be admitted *pro hac vice*)

3

Garrett W. Wotkyns (to be admitted *pro hac vice*)
2901 North Central Avenue, Suite 1000

4

Phoenix, Arizona 85012
Telephone:    (602) 274-1100

5

Facsimile:    (602) 274-1199

6

BONNETT, FAIRBOURN, FRIEDMAN

7

& BALINT, P.C.
Todd D. Carpenter (CA 234464)

8

501 West Broadway Suite 1450

9

San Diego, California 92101
Telephone:    (619) 756-6978

10

Facsimile:    (602) 274-1199

11

Attorneys for Plaintiff

12

UNITED STATES DISTRICT COURT

13

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

14

15

RANDY NUNEZ, on Behalf of Himself, and
All Others Similarly Situated.

16

Plaintiff,

17

vs.

18

MICROSOFT CORPORATION, a
Washington corporation, and BUNGIE,

19

L.L.C., a Delaware Limited Liability
Company.

20

Defendants

21

22

23

24

25

26

27

28

CV NO. 07cv2209-L (WMC)

PLAINTIFF'S MEMORANDUM OF
POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS COMPLAINT UNDER RULE
12(b)(6) AND RULE 9(b)

Judge:       Hon. M. James Lorenz
Location:    Courtroom 14
Date:        March 10, 2008
Time:        10:30 a.m.

Case No. 07cv2209-L (WMC)

MEMORANDUM IO TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

## TABLE OF CONTENTS

Page

I.    INTRODUCTION ...................................................................................................1

II.   SUMMARY OF FACTS ALLEGED.................................................................2

III.  DEFENDANTS' BURDEN OF PROOF UNDER RULE 12(b)(6)...............3

IV.   PLAINTIFF HAS PROPERLY ALLEGED HIS SONG-BEVERLY
      ACT CLAIMS .......................................................................................................3
      A.    Pre-Suit Notice Is Not Required For Song-Beverly Act6
            Warranty Claims.......................................................................................5
      B.    Plaintiff Has Properly Alleged His Song-Beverly Claim for
            Breach of Warranty of Fitness for a Particular Purpose .....................6

V.    PLAINTIFF HAS PROPERLY ALLEGED HIS UNFAIR COMPETITION
      LAW CLAIMS .....................................................................................................7

      A.    Defendants' Alleged Violation of the Song-Beverly Act is a Sufficient
            Predicate for Plaintiff's "Unlawful Business Acts" UCL Claim..........7

      B.    Plaintiff Has Adequately Alleged that Defendants Have Committed
            "Unfair" and "Fraudulent" Business Acts in Violation of the UCL.....7

            1.    Defendants Improperly Apply Federal Rule of Civil Procedure 9(b) to
                  Plaintiff's UCL Allegations ...........................................................8

            2.    Rule 9(b) Aside, Plaintiff Has Properly Asserted His UCL Claim ..........11

VI.   CONCLUSION....................................................................................................12

i

1

TABLE OF AUTHORITIES

2

**Cases**                                                                                          **Page**

3

4    *Barquis v. Merch. Collection Ass'n.*
         7 Cal. 3d 94 (1972) ................................................................................11

5

6    *Andrade v. Pangborn Corp.*
          2004 WL 2480708 (N.D. Cal. Oct. 22, 2004) ...........................................6

7

8    *Bank of the West v. Superior Court*
         2 Cal. 4th 1254 (1992) ..............................................................................8

9

10   *Bly-Magee v. California*
         236 F. 3d 1014 (9th Cir. 2001) ................................................................9

11   *Brothers v. Hewlett-Packard Co.*
         2006 WL 3093685 (N.D. Cal. Oct. 31, 2006) ......................................9, 10

12

13   *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*
         20 Cal. 4th 163 (1999) ............................................................................11

14

15   *Cel-Tech Communications, Inc. v. Werner Enters, Inc.*
         20 Cal. 4th 163 (1999) ............................................................................12

16

17   *Cervantes v. United States*
         330 F.3d 1186 (9th Cir. 2003) .................................................................3

18

19   *Comm. On Children's Television, Inc. v. Gen. Foods Corp.*
         35 Cal. 3d 197 (1983) ..........................................................................8, 10

20

21   *Cortez v. Purolator Air Filtration Products Co.*
         23 Cal. 4th 163 (2000) .............................................................................2

22

23   *Estate of Migliaccio v. Midland Nat'l Life Ins. Co.*
          436 F. Supp. 2d 1095 (C.D. Cal. 2006) ...................................................3

24   *Gregory v. Alberton's, Inc.*
         104 Cal. App. 4th 845 (2002) .................................................................11

25

26   *Gusse v. Damon Corp.*
         470 F. Supp. 2d 1110 (C.D. Cal. 2007) ...............................................4, 5

27

28   *Hall v. Santa Barbara*
         833 F.2d 1270 (9th Cir. 1986) .................................................................3

*In re Stac Elecs. Sec. Litig.*
  89 F.3d 1399 (9th Cir. 1996) .................................................................................9

*Isip v. Mercedes-Benz, USA, LLC*
  155 Cal. App. 4th 19, (Cal. App. 2 Dist. 2007) ...................................................4

*Knevelbaard Dairies v. Kraft Foods, Inc*
  232 F. 3d 979 (9th Cir. 2000) ..............................................................................12

*Massachusetts Mutual Life Ins. Co. v. Superior Court*
  97 Cal. App. 4th 1282 (2002) ...............................................................................9

*McKell v. Washington Mutual, Inc.*
  142 Cal. App. 4th 1457 (2006) .............................................................2, 8, 11, 12

*People v. McKale*
  25 Cal. 3d 626 (1979) ...........................................................................................11

*Mocek v. Alpha Leisure*
  114 Cal. App. 4th 402 (Cal. App. 4 Dist., 2003) ...........................................4, 6, 7

*Music Acceptance Corp. v. Lofing,*
  32 Cal App. 4th 610 (Cal. App. 3 Dist. 1995) .................................................4, 5

*Pollard v. Saxe & Yolles Dev. Co.*
  12 Cal. 3d 374 (1974) .............................................................................................6

*Progressive West Ins. Co. v. Superior Court*
  135 Cal. App. 4th 263 (2005) ..............................................................................12

*Robertson v. Fleetwood Travel Trailers of California, Inc.*
  50 Cal. Rptr. 3d 731, Cal. App. 4th 785 (App. 5 Dist. 2006)...............................5

*Schnall v. Hertz Corp.*
  78 Cal. App. 4th 1144 (2000) ..............................................................................11

*Shersher v. Superior Court*
  15 Cal. App. 4th 1491 (Cal. App. 2 Dist. 2007) ...................................................7

*Smith v. State Farm Auto. Ins. Co.*
  93 Cal. App. 4th 700 (2001) ................................................................................12

*Townsend v. Boat and Motor Mart*
  2007 WL 1252619 (Cal. Ct. App. May 1, 2007) ...............................................6, 7

iii

*United States v. Redwood City*
    640 F.2d 963 (9th Cir. 1981) ................................................................. 3

*Vess v. Ciba-Geigy Corp.*
    317 F.3d 1097 (9th Cir. 2003) .................................................. 8, 9, 10

*Vogel v. Thrifty Drug Co.*
    43 Cal. 2d 184 (1954) .......................................................................... 6

**Statutes**

California Business and Professions Code
    17200 ............................................................................................ 1, 7, 8

California Civil Code
    1790 ........................................................................................ 1, 4, 6, 7

California Civil Code
    1792 ................................................................................................. 4, 5

California Civil Code
    1794 ................................................................................................. 4, 5

California Civil Code
    1791 .................................................................................................... 4

California Civil Code
    1750 .................................................................................................... 8

False Claims Act, 31 U.S.C. 3729(a) ......................................................... 9

Federal Rule of Civil Procedure 9(b) ......................................... 8, 9, 10, 11

Case No. 07cv2209-L (WMC)
MEMORANDUM IO TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

I. **INTRODUCTION**

Defendants' dismissal briefing suggests that Defendants – as Plaintiff alleges – do indeed defectively manufacture fictional realities. To wit, Defendants' dismissal effort centers on a bizarre, pet poisoning-based bid to remove defective products completely from the coverage of California's Unfair Competition Law, Cal. Bus. & Prof. Code §17200 ("the UCL"). At the same time, Defendants mostly ignore the statutory warranty claims at the core of Plaintiff's Complaint. Defendants' arguments as to both subjects ultimately are unavailing.

One of Defendants' omissions concerning Plaintiff's statutory warranty claims is especially telling. As to Count I of Plaintiff's Class Action Complaint (Breach of Statutory Implied Warranty of Merchantability), Defendants have nothing to say except that Plaintiff's merchantability claim should be dismissed because Plaintiff did not notify Defendants in advance of filing suit of his intention to pursue relief under California's Song-Beverly Consumer Warranty Act, Cal. Civ. Code §1790 *et seq.* (the "Song-Beverly Act"). Defendants ignore that consumers suing under the Song-Beverly Act's implied warranty provisions are not required to give pre-suit notice. The cases Defendants cite to the contrary pertain only to warranty claims under California's version of the Uniform Commercial Code ("UCC") – and not to warranty claims under the Song-Beverly Act.

As to the UCL, among other things, Defendants strikingly assert that consumers have no legal remedies under that law when their computer programs malfunction or their pets die from poisoned pet food (Defendants' metaphor of choice) because "[c]onsumers understand" that the food they buy sometimes will be rotten or contaminated and that the computer programs they buy sometimes will malfunction. According to Defendants, California

1

consumers know that when these things happen, they are simply "fact[s] of life" with no

consequences under the UCL. (*See* Defendants' Memorandum of Points and Authorities In

Support Of Motion To Dismiss at 9-10 ("Def. Mem.").) Thankfully, Defendants' macabre

effort to define consumer protection deviancy down finds no support in the UCL. *See*

*McKell v. Washington Mutual, Inc.*, 142 Cal. App. 4th 1457, 1471 (2006) ("scope of the

UCL is quite broad"); *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal. 4th 163, 181

(2000) (plaintiff need not show that a UCL defendant intended to injure anyone by its

unlawful or unfair conduct).

In short, Plaintiff has properly alleged his claims under both the Song-Beverly Act and

the UCL, and Defendants' Motion to Dismiss accordingly should be denied.

## II.    SUMMARY OF FACTS ALLEGED

Plaintiff purchased a product (namely, the "*Halo 3*" video game) manufactured and

marketed by Defendants Microsoft Corporation and Bungie, LLC (collectively, "Microsoft"

or "Defendants"). (Plaintiff's Class Action Complaint ¶ 1 (variously, the "Complaint" or

"Compl.").) Plaintiff alleges in his Complaint that the container in which *Halo 3* is sold

"expressly states that *Halo 3* is compatible with the Xbox 360" game console and that

Defendants otherwise marketed *Halo 3* as compatible with the Xbox 360. (*Id.* ¶¶ 1, 25.)

Plaintiff alleges that even though Defendants knew consumers were purchasing *Halo 3* only

for use on the Xbox 360 game system, *Halo 3* nonetheless does not function with that system,

and that attempted use of *Halo 3* consistently causes the Xbox 360 to "crash," "freeze" or

"lock up" while the game is being played. (*Id.* ¶¶ 2, 4.) Plaintiff alleges that Defendants at

the time Plaintiff filed his Complaint had not remedied *Halo 3*'s malfunctioning even though

Defendants were "faced with repeated and mounting consumer complaints and inquiries

2

Case No. 07cv2209-L (WMC)

concerning this operational flaw in the *Halo 3*" game. (*Id.* ¶ 5.)  And Plaintiff alleges that

Defendants knew or had reason to know that *Halo 3* was being purchased by consumers for

use on an Xbox 360 and that the buyers of *Halo 3* were relying on Defendants to furnish

goods suitable for that purpose. (*Id.* ¶ 2.)

## III.  DEFENDANTS' BURDEN OF PROOF UNDER RULE 12(b)(6)

It is "axiomatic that 'the motion to dismiss for failure to state a claim is viewed with

disfavor and is rarely granted.'" *Hall v. Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir. 1986).

Thus, "it is only the extraordinary case in which dismissal is proper." *United States v.

Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981). When considering a motion to dismiss, the

court must accept as true the complaint's allegations and construe them in the light most

favorable to plaintiff. *Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003).  A

motion to dismiss must be denied "'unless it appears beyond doubt that the plaintiff can prove

no set of facts in support of his claim which would entitle him to relief." *See Estate of

Migliaccio v. Midland Nat'l Life Ins. Co.*, 436 F. Supp. 2d 1095, 1099 (C.D. Cal. 2006).

As discussed below, Plaintiff's Song-Beverly Act cause of action for breach of

warranty and his UCL cause of action are adequately alleged and easily satisfy the above-

mentioned standards.

## IV.  PLAINTIFF HAS PROPERLY ALLEGED  HIS SONG-BEVERLY ACT CLAIMS

Defendants assert that both of Plaintiff's Song-Beverly Act claims (his statutory claim for

breach of implied warranty of merchantability and his statutory claim for breach of implied

warranty of fitness for a particular purpose) must be dismissed because Plaintiff did not notify

Defendants before filing suit of his intent to bring his Song-Beverly Act claims.  Defendants

also assert that Plaintiff's Song-Beverly claim for the warranty of fitness for a particular

purpose should be dismissed because Plaintiff has not adequately alleged a distinct and

3

actionable "particular purpose" here and has not adequately alleged that he bought the product at issue from Defendants. ***Notably, the pre-suit notice argument is Defendants' only argument for dismissal of Plaintiff's Song-Beverly Act merchantability claim.***

Defendants' Song-Beverly Act arguments are meritless.  As an initial matter, the Song-Beverly Act provides that manufacturers who make any express warranty to consumers (Def. Memo. at 3:1-3) furthermore make to consumers implied, nonwaivable statutory warranties that the goods in question are merchantable and fit for their particular purpose. Cal. Civ. Code §§ 1792, 1792.1, 1790.1, 1791.1(a) & (b); *see generally, Mocek v. Alpha Leisure*, 114 Cal. App. 4th 402 (Cal. App. 4 Dist., 2003); *Gusse v. Damon Corp.*, 470 F. Supp. 2d 1110, 1116 n.9 (C.D. Cal. 2007).  Statutory relief for a breach of these Song-Beverly warranties includes, at the election of the consumer, a right of ***full reimbursement.*** Cal. Civ. Code §§1794(b), 1793.2(d); *see, e.g., Gusse*, 470 F. Supp. 2d at 1117-18.

The elements of a Song-Beverly merchantability claim are straightforward:

> (1) the plaintiff bought a consumer good in California;
>
> (2) the defendant manufactured the consumer good, and
>
> (3) the consumer good was not "merchantable" within the
>
> meaning of Cal. Civ. Code §1791.1(a).

*Isip v. Mercedes-Benz, USA, LLC*, 155 Cal. App. 4th 19, 23 (Cal. App. 2 Dist. 2007); *Music Acceptance Corp. v. Lofing*, 32 Cal App. 4th 610, 619 (Cal. App. 3 Dist. 1995).   Song-Beverly's "merchantability" standard provides a minimum level of quality, such that the product is "substantially free of defects." *Isip*, 155 Cal. App. 4th at 26-27. A nonconformity that "substantially impairs the use or value" of the product to the buyer breaches the Song-Beverly warranty of merchantability. *Music Acceptance*, 32 Cal. App. 4th at 624.

4

The elements of a Song-Beverly Act implied warranty of fitness claim are equally straightforward – the only difference being that the manufacturer must be shown to have had "reason to know at the time of the retail sale that the goods are required for a particular purpose and that the buyer is relying on the manufacturer's skill or judgment to select or furnish suitable goods." Cal. Civ. Code §1792.1. Plaintiff here, of course, alleges that Defendants manufacture *Halo 3* knowing that consumers will use the game for the particular purpose of operating the game on a hardware system recommended by Microsoft. (Compl. ¶¶ 3, 26.)

Finally, California consumers sold goods warrantied under Song-Beverly need not limit themselves to remedies purportedly dictated by the manufacturer. Song-Beverly Act remedies for breach of a manufacturer's statutory implied warranties include rescission and restitution, at the election of the purchaser, even if the actual seller of the goods is someone other than the manufacturer. *Music Acceptance*, 32 Cal. App. 4th 610, at 165; *Gusse*, 470 F. Supp. 2d at 1117; *accord*, Cal. Civ. Code §1794. The Song-Beverly Consumer Warranty Act is manifestly a remedial measure, intended for the protection of the consumer, which should be given a construction calculated to bring its benefits into action. *Robertson v. Fleetwood Travel Trailers of California, Inc.*, 50 Cal. Rptr. 3d 731, 144 Cal. App. 4th 785 (App. 5 Dist. 2006).

A.    **Pre-Suit Notice Is Not Required For Song-Beverly Act Warranty Claims**

Defendants in their dismissal brief curiously make only a single argument for dismissal of Plaintiff's Song-Beverly Act merchantability claim (which also applies to Plaintiff's Song-Beverly fitness claim): that Plaintiff failed to give pre-suit notice of the

5

alleged warranty breach. Defendants here simply misstate applicable California law. The California Court of Appeals has squarely held that a plaintiff suing under the Song-Beverly Act need not give the defendant manufacturer(s) any particular notice of the breach or prior opportunity to repair. *Mocek*, 114 Cal. App. 4th, at 407. Defendants fail to address or even cite *Mocek* -- controlling authority directly on point -- even though the case is specifically referenced in the Complaint. (*See* Compl. ¶ 9.) Instead, Defendants cite three readily distinguishable cases that ***do not even involve Song-Beverly claims***. *Pollard v. Saxe & Yolles Dev. Co*, 12 Cal. 3d 374, 380 (1974) (discussing notice requirements under California's version of the UCC); *Andrade v. Pangborn Corp.*, 2004 WL 2480708, at *23 (N.D. Cal. Oct. 22, 2004) (same); *Vogel v. Thrifty Drug Co.*, 43 Cal. 2d 184, 187 (1954) (same).

In any event, to the extent that there is any conflict between the two sets of law, the Song-Beverly Act trumps California's version of the UCC. *See* Cal. Civ. Code § 1790.3.

### B.   Plaintiff Has Properly Alleged His Song-Beverly Claim for Breach of Warranty of Fitness for a Particular Purpose

Defendants contend that Plaintiff's Song-Beverly fitness claim should be dismissed because Plaintiff supposedly "does not allege any 'particular purpose' for which he intended to use *Halo 3* that is different from its 'ordinary use.'" (Def. Mem. 11:4-6 (citation omitted).) As with the pre-suit notice issue, Defendant cites a number of irrelevant UCC-related precedents in support of its position here. And Defendant's position here similarly is without merit. Just last summer, the California Court of Appeals affirmed a jury trial verdict for a pair of plaintiffs on Song-Beverly Act warranty claims for breaches of both the implied warranty of merchantability and the implied warranty of fitness for a particular purpose. *See Townsend v. Boat and Motor Mart,* No. Nos. A112623, A114267, 2007 WL 1252619, at *8 (Cal. Ct.

6

App. May 1, 2007). The case concerned the sale of a defective fishing boat, and the court left no doubt in affirming the jury's verdict that it considered the "ordinary" and "particular" purposes for which the boat was sold to the plaintiffs to be one and the same. The court stated that the jury's "findings were supported by substantial evidence. There was ample testimony that the boat was neither fit for its ordinary purpose (sports-fishing) or for Townsend's particular purpose (also sports-fishing)." *Id.*

## V.   PLAINTIFF HAS PROPERLY ALLEGED HIS UNFAIR COMPETITION LAW CLAIMS

### A.   Defendants' Alleged Violation of the Song-Beverly Act is a Sufficient Predicate for Plaintiff's "Unlawful Business Acts" UCL Claim

Plaintiff alleges that Defendants' *Halo 3*-related business acts and practices are unlawful and unfair, in violation of the UCL. (Compl. ¶¶ 63-66.) Defendants contend that these allegations should be dismissed because "merely distributing an allegedly 'defective' product [in violation of the Song-Beverly Act] does not amount to a UCL violation." (Def. Mem. At 3:11-13.) The UCL, however, affords Plaintiff an avenue for injunctive relief and restitutionary disgorgement from Defendants' violation of the Song-Beverly Act. *See Mocek*, 114 Cal. App. 4th, at 405 (Song-Beverly violations constituted basis for restitutionary relief under Section 17200); *accord*, Cal. Civ. Code §1790.4. Such restitution, notably, is available to Plaintiff under the UCL even if he did not pay Defendants directly for the product. *See*, *Shersher v. Superior Court*, 15 Cal. App. 4th 1491, 1499-1500 (Cal. App. 2 Dist. 2007)

### B.   Plaintiff Has Adequately Alleged that Defendants Have Committed "Unfair" and "Fraudulent" Business Acts in Violation of the UCL

Defendants' briefing improperly elides the distinction between a common law fraud action and a "fraudulent business practice" under the UCL. In order properly to allege that a practice is "fraudulent" within the meaning of the UCL, Plaintiff need not allege with

7

specificity the elements of the common law tort of fraud. *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1267 (1992). Plaintiff must allege only a "fraudulent business practice . . . which is likely to deceive the public." *McKell v. Washington Mutual, Inc.*, 142 Cal. App. 4th 1457, 1471 (2006). Unlike common law fraud, the normal principles of notice pleading apply to allegations under the fraudulent prong of Business and Professions Code §17200. "The requirement that fraud be pleaded with specificity . . . does not apply to causes of action under the consumer protection statutes." *Comm. On Children's Television, Inc. v. Gen. Foods Corp.*, 35 Cal. 3d 197 at 212 n.11 (1983).

1.    **Defendants Improperly Apply Federal Rule of Civil Procedure 9(b) to Plaintiff's UCL Allegations**

Defendants in their briefing ignore this distinction and attempt to apply Federal Rule of Civil Procedure 9(b) to the entirety of Plaintiff's UCL allegations under the statute's "fraudulent" practices prong. (Def. Mem. at 5.) At the core of Defendants' effort here is a distorted construction of *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1105 (9th Cir. 2003). Defendants argue that pursuant to *Vess*, **all** of Plaintiff's allegations under the UCL fraudulent practices prong must meet "Fed. Rule Civ. P. 9(b)'s heightened pleading requirements." (Def. Mem. at 5.) Defendants misread *Vess*.

First, *Vess* specifically acknowledges that a UCL claim concerning allegedly fraudulent practices is something fundamentally different than a common law fraud claim. Citing *Children's Television*, *Vess* noted that "fraud is not an essential element of the California statutes [*i.e.*, the UCL and the Consumer Legal Remedies Act; California Civil Code §1750 et. seq.] on which" the plaintiff in that case relied. *Id.* at 1103. *Vess* goes on to state that when fraud is not a necessary element of a plaintiff's UCL claim, a plaintiff may nonetheless allege fraud-like conduct (acts that tend to mislead, for instance) in support of her UCL claim as well as other conduct that would, in fact, constitute common law fraud (*i.e.*, acts of actual deception such as demonstrably false statements, subsequent reliance on those

8

acts by an actually defrauded plaintiff, and consequent injury). If so, *"only the allegations of fraud* are subject to Rule 9(b)'s heightened pleading requirements." *Id.* at 1104 (emphasis added). To illustrate the rule, *Vess* points to securities cases where a complaint asserting violations of the 1933 Securities Act grounded in negligence may also attempt to establish violations of the anti-fraud provisions of the Act. If so, the fraud claims need to be averred with particularity. *Vess*, 317 F.3d at 1103-04.[1]

Thus, Plaintiff here may permissibly allege facts in support of his UCL claim that are not coextensive with the elements of common law fraud. Those allegations "may be based upon representations to the public which are untrue, and also those which may be accurate on some level, but will tend to mislead or deceive" the consumer. *Id.* (citing *Massachusetts Mutual Life Ins. Co. v. Superior Court*, 97 Cal. App. 4th 1282, 1289-90 (2002)). To the extent Plaintiff has challenged Defendants' misrepresentations as flatly "false" – which is to say, potentially actionable as common law fraud if as alleged – Plaintiff submits that he has made such allegations with the specificity necessary to satisfy Rule 9(b), if that rule is indeed in play here. However, to the extent Plaintiff has merely alleged that Defendants' statements and conduct would tend to mislead consumers, Plaintiff may permissibly articulate (and has articulated) those allegations as required by the rules of notice pleading.

Similar to the case at bar, in *Brothers v. Hewlett-Packard Co.*, No. C-06-02254, 2006 WL 3093685, (N.D. Cal. Oct. 31, 2006), defendant Hewlett Packard ("HP") brought a motion to dismiss the plaintiff's UCL allegations for failing to allege with particularity that HP had falsely misrepresented the capabilities and omitted the defects of a notebook computer sold to the plaintiff. *Id.* at *1. The plaintiff in that case argued that his allegations did not sound in fraud because they did not focus on the defendant's intent. In ultimately

---

[1] Further, the remaining cases cited by Defendants go to the same principle. *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996), simply cites the rule that if Section 11 claims are grounded in fraud they must satisfy Rule 9(b). In *Bly-Magee v. California*, 236 F. 3d 1014, 1018 (9th Cir. 2001), the court simply held that claims brought under the False Claims Act, 31 U.S.C. §3729(a), which explicitly "is an anti-fraud statute," must fulfill the requirements of Rule 9(b).

9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

rejecting the plaintiff's argument, the Court held that only the plaintiff's "allegations of *false* misrepresentations constituted allegations that sounded in fraud." Id. at *6 citing *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106-1107 (9th Cir. 2003) (emphasis added). The plaintiff's fatal mistake in *Brothers* – unrepeated in the case at bar – was that his allegations in support of the fraudulent business practice claim were "based on an entire course of fraudulent conduct, namely, HP's alleged *false* misrepresentations and concealment of the alleged defects." Id. at *7. (emphasis added).

Here, Plaintiff's allegations are not exclusively grounded in Defendants' "false misrepresentations." Plaintiff has alleged that – their allegedly false statements aside – Defendants *misled* Plaintiff in representing that the *Halo 3* was compatible with the Xbox 360 video game system (Compl. ¶25), when in fact, the game "routinely, consistently, and systematically 'froze,' 'crashed', or 'locked up' – disrupting game play and rendering the game inoperable." (*Id*l. ¶27). Plaintiff does not only contend that Defendants' representations concerning *Halo 3* were false. As Plaintiff alleges, "Defendants have deceived consumers who reasonably believed that the Halo 3 video game would perform reliably in its intended use and permit purchasers to play the video game without substantial interruption." (*Id.* ¶65.) Thus, Plaintiff has appropriately alleged within the constraints of notice pleading that Defendants' representations were "deceptive" and "misleading," regardless of whatever allegations he makes that Defendants' representations were "untrue" or "false." (*Id.* ¶67.)

In any event and regardless of the standard applied here, Plaintiff alleges facts concerning Defendants' conduct with enough specificity for Defendants to understand the claims asserted against them. A motion to dismiss under Rule 9(b) should be denied if the "allegations are sufficient to notify the defendants of the claim made against them, and to frame the issues for litigation." *Comm. On Children's Television, Inc. v. Gen. Foods Corp.*, 35 Cal. 3d 197 at 213 (1983). The question of whether a practice is likely to deceive is a

10

"question of fact, requiring consideration and weighing of the evidence from both sides before it can be resolved" – and thus by its nature is unsuited for resolution on a motion to dismiss. *McKell*, 142 Cal. App. 4th at 1472; *see also People v. McKale*, 25 Cal. 3d 626, 635 (1979) (what constitutes a UCL fraudulent business practice under any given set of circumstances is a question of fact); *Gregory v. Alberton's, Inc.*, 104 Cal. App. 4th 845, 857 (2002) (same).

## 2. Rule 9(b) Aside, Plaintiff Has Properly Asserted His UCL Claim

"A business practice is unfair within the meaning of the UCL if it violates established public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits." *McKell v. Washington Mutual, Inc.*, 142 Cal. App. 4th at 1473. Like the "unlawful" prong of the UCL, the "unfair" prong is "'intentionally broad, thus allowing courts maximum discretion to prohibit new schemes to defraud.'" *Schnall v. Hertz Corp.*, 78 Cal. App. 4th 1144, 1166 (2000). As the California Supreme Court has emphasized, "'[i]n permitting the restraining of all "unfair" business practices,'" the UCL "'undeniably establishes only a wide standard to guide courts of equity . . . . [G]iven the creative nature of the scheming mind, the Legislature evidently concluded that a less inclusive standard would not be adequate.'" *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163 at 181 (1999); accord *Barquis v. Merch. Collection Ass'n*, 7 Cal. 3d 94, 112 (1972).

Nonetheless, Defendants argue that Plaintiff's claim under the UCL's "unfair" prong should be dismissed because the alleged unfairness must be "tethered" to a specific legislative, constitutional, statutory or regulatory provision.[2] Defendants' argument fails

---

[2] Defendants' argument ignores that because Plaintiff has properly alleged an unlawful activity (as discussed above), the unfair prong allegations are adequately tethered to a statute.

because the majority of courts (including the Ninth Circuit) have concluded that the

"tethering" standard for unfairness under the UCL (first elucidated in *Cel-Tech*

*Communications, Inc. v. Werner Enters, Inc.* 20 Cal. 4th 163 at 186 (1999)) only applies in

cases between competitors, not in actions brought by consumers. Indeed, the *Cel-Tech* court

specifically narrowed its holding to competitor cases. Id. at 187 n.12. In consumer cases, the

traditional balancing test for "unfairness" is used.[3]  Given the facts Plaintiff has alleged, that

standard is met here.

Further, as set forth above, Plaintiff has properly alleged unlawful predicate acts to a

UCL claim, including violations of the Song-Beverly Consumer Warranty Act. Thus, the

unfairness of Defendants' conduct can be defined in connection with the legislatively and

judicially declared policies that companies should not sell products that are not fit for their

ordinary use or for the particular purpose as represented by the manufacturer under the Song-

Beverly Consumer Warranty Act.

In sum, Plaintiff has properly stated a claim under the unfair prong of the UCL.

## V.    CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that Defendants' motion

be denied. In the event that the Court finds Plaintiff's allegations insufficient, Plaintiff

requests leave to amend.

---

[3] See *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F. 3d 979, 994 (9th Cir. 2000) ("*Cel-Tech* was limited to claims of 'unfairness to competitors'"); *McKell v. Washington Mutual Life Ins. Co.*, 142 Cal. App. 4th 1457 at 1473 (2006) (applying traditional balancing test in consumer case); *Progressive West Ins. Co. v. Superior Court*, 135 Cal. App. 4th 263, 286 (2005) (noting that *Cel-Tech* declined to extend tethering test to consumer cases and the Court has yet to do so since that decision was announced over seven years ago); *Smith v. State Farm Auto. Ins. Co.*, 93 Cal. App. 4th 700, 720 n. 23 (2001) (tethering test limited to UCL cases between competitors).

12

1    DATED: February 6, 2008

2

3                                          s/Todd D. Carpenter

4
                                    BONNETT, FAIRBOURN, FRIEDMAN
5                                      & BALINT, P.C.
                                    TODD D. CARPENTER
6                                   501 West Broadway Suite 1450
                                    San Diego, CA 92101
7                                   Telephone: 619/756-6978

8
                                    BONNETT, FAIRBOURN, FRIEDMAN
9                                      & BALINT, P.C.
                                    ANDREW S. FRIEDMAN
10                                  GARRETT W. WOTKYNS
                                    2901 N. Central Avenue, Suite 1000
11
                                    Phoenix, AZ  85012
12                                  Telephone:  602/274-1100
                                    602/274-1199 (fax)
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                Case No. 07cv2209-L (WMC)
MEMORANDUM IO TO DEFENDANTS' MOTION TO DISMISS COMPLAINT