BONNETT, FAIRBOURN, FRIEDMAN
 & BALINT, P.C.
Andrew S. Friedman (to be admitted *pro hac vice*)
Garrett W. Wotkyns (admitted *pro hac vice*)
2901 North Central Avenue, Suite 1000
Phoenix, Arizona 85012
Telephone:   (602) 274-1100
Facsimile:    (602) 274-1199

BONNETT, FAIRBOURN, FRIEDMAN
 & BALINT, P.C.
Todd D. Carpenter (CA 234464)
501 West Broadway Suite 1450
San Diego, California 92101
Telephone:   (619) 756-6978
Facsimile:    (602) 274-1199

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY NUNEZ, on Behalf of Himself, and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MICROSOFT CORPORATION, a Washington corporation, and BUNGIE, L.L.C., a Delaware Limited Liability Company,<br><br>Defendants. | CV NO. 07cv2209-L (WMC)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION SEEKING LEAVE OF COURT TO FILE PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT UNDER RULE 12(b)(6) AND RULE 9(b)**<br><br>Judge:    Hon. M. James Lorenz |

**Memorandum of Points & Authorities in Support of
Plaintiff's Ex Parte Application**

**A.   Introduction**

Defendants filed their Motion to Dismiss Complaint Under Rule 12(b)(6) and Rule 9(b) on January 10, 2008. Plaintiff filed his Opposition to Defendant's Motion to Dismiss Complaint Under Rule 12(b)(6) and Rule 9(b) on February 6, 2008. (*See* Declaration of Todd D. Carpenter at 2.) On February 29, 2008, Defendants filed their Reply Memorandum In Support of Motion to Dismiss Complaint Under Rule 12(b)(6) and Rule 9(b) – and in it for the first time argued in this proceeding that "[t]he Song-Beverly Act does not supersede the [Uniform] Commercial Code's requirement of pre-suit notice before bringing a breach of warranty claim." (Reply Mem. at 4-5.) Plaintiff respectfully requests that he be given the opportunity to address Defendants' newly asserted arguments and the case law upon which these novel arguments are based. Alternatively, Plaintiff asks that the Court strike the new arguments purportedly supported by the above referenced authorities from Defendants' Reply Memorandum.

**B.   Plaintiff Should Be Given The Opportunity To Address New Issues Raised By Defendants' Reply Memorandum That Were Not Raised In Defendants' Motion to Dismiss Complaint Under Rule 12(b)(6) and Rule 9(b)**

**C.**

When a reply brief raises new issues, the non-moving party may move the Court to file a Surreply. See *Alaska Wildlife Alliance v. Jensen* 108 F.3d 1065, 1068 n.5 (9th Cir. 1997). The party seeking to submit a surreply has the burden of demonstrating that "good cause" exists for permitting the additional filing.  See *In Toys "R" Us, Inc., Privacy Litig.*, No. 00-CV-2746, 2001 WL 34517252, at *1 n.l (N.D. Cal. Oct. 9, 2001).  Where, as here, Defendants raise new arguments for the first time in their reply brief, several District Courts have found such good cause to exist. "The standard for granting leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Robinson v. Detroit News, Inc.*, 211 F.Supp.2d 101 at 113 (D.D.C.2002)

(*citing Lewis v. Rumsfeld*, 154 F.Supp.2d 56, 61 (D.D.C.2001)); *see also Alexander v. Federal Bureau of Investigation*, 186 F.R.D. 71, 74 (D.D.C. 1998); *Fedrick v. Mercedes-Benz USA, LLC*, 366 F.Supp.2d 1190, 1193 (N.D. Ga. 2005) (surreply should be allowed "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief"). Since the Court has indicated it will resolve Defendants' Motion without hearing oral argument, that standard is met here.

### D. **In the alternative, the Court should Strike from the Defendants' Reply Memorandum all new arguments and supporting authorities**

Alternatively, this Court should refuse to consider arguments presented for the first time in Defendants' reply brief. "It is well established in this circuit that '[t]he general rule is that appellants cannot raise a new issue for the first time in their reply briefs.'" *Eberle v. City of Anaheim* 901 F.2d 814, 818 (9th Cir. 1990) (citation omitted). As such, this Court should strike arguments presented by the Defendants for the first time in their Reply Memorandum.

Plaintiff respectfully submits that his request to address the new arguments advanced in Defendants' Reply Memorandum (or, in the alternative, his request for this Court to strike such arguments from the Defendants' Reply Memorandum) is appropriate for the above-described reasons.

Dated March 5, 2008                 /s/Todd D. Carpenter
                                             **BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.**
Andrew S. Friedman, Esq. (*to be admitted Pro Hac Vice*)
Garrett W. Wotkyns (admitted *pro hac vice*)
Todd D. Carpenter (CA Bar 234464)
501 West Broadway Suite 1450
San Diego, CA 92101
Telephone: (619) 756-6978
Facsimile: (602) 274-1199
Attorneys for Plaintiff