BONNETT, FAIRBOURN, FRIEDMAN
 & BALINT, P.C.
Andrew S. Friedman (to be admitted *pro hac vice*)
Garrett W. Wotkyns (admitted *pro hac vice*)
2901 North Central Avenue, Suite 1000
Phoenix, Arizona 85012
Telephone:   (602) 274-1100
Facsimile:    (602) 274-1199

BONNETT, FAIRBOURN, FRIEDMAN
 & BALINT, P.C.
Todd D. Carpenter (CA 234464)
501 West Broadway Suite 1450
San Diego, California 92101
Telephone:   (619) 756-6978
Facsimile:    (602) 274-1199

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY NUNEZ, on Behalf of Himself, and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MICROSOFT CORPORATION, a Washington corporation, and BUNGIE, L.L.C., a Delaware Limited Liability Company,<br><br>Defendants. | CV NO. 07cv2209-L (WMC)<br><br>**DECLARATION OF TODD D. CARPENTER IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION SEEKING LEAVE OF COURT TO FILE PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT UNDER RULE 12(b)(6) AND RULE 9(b)**<br><br>Judge:   Hon. M. James Lorenz |

**Declaration of TODD D. CARPENTER:**

1. I am an attorney licensed to practice before the Courts of the State of California. I am an associate at the law firm of Bonnett, Fairbourn, Friedman, & Balint, P.C., counsel for Plaintiff. I am one of the attorneys working on this case and I have personal knowledge of the facts set forth herein. If I am called as a witness, I could and would testify to same.

2. Defendants filed their Motion to Dismiss Complaint Under Rule 12(b)(6) and Rule 9(b) on January 10, 2008.

3. Plaintiff filed his Opposition to Defendant's Motion to Dismiss Complaint Under Rule 12(b)(6) and Rule 9(b) on February 6, 2008.

4. Defendants filed their Reply Memorandum In Support of Motion to Dismiss Complaint Under Rule 12(b)(6) and Rule 9(b) ("Reply Memorandum") on February 29, 2008.

4. Defendants discussed *Mocek v. Alpha Leisure*, 114 Cal. App. 4th 402 (Cal. App. 4 Dist., 2003), for the first time in their Reply Memorandum (even though Plaintiff cited *Mocek* in his Complaint) – and also advanced for the first time in their Reply Memorandum the argument that the Song-Beverly Act does not supersede the Uniform Commercial Code's requirement of pre-suit notice for breach of warranty claims. Plaintiff's request for leave to file a Surreply to address these new and important arguments is appropriate.

5. Upon receiving and evaluating Defendants' Reply Memorandum, I contacted Defendants' counsel, Rosemarie Ring, to inform her that Plaintiff intended to seek leave from this Court to file a Surreply to Defendants' Reply Memorandum to address Defendants' aforementioned new arguments.

/ / /

/ / /

/ / /

6. Ms. Ring informed me on March 3, 2008 that Defendants objected to Plaintiff's request to file a Surreply.

Dated: March 5, 2008          /s/Todd D. Carpenter
                              Todd D. Carpenter

iii

06-CV-1012 WQH RBB