BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
Andrew S. Friedman (to be admitted *pro hac vice*)
Garrett W. Wotkyns (admitted *pro hac vice*)
2901 North Central Avenue, Suite 1000
Phoenix, Arizona 85012
Telephone:     (602) 274-1100
Facsimile:     (602) 274-1199

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
Todd D. Carpenter (CA 234464)
501 West Broadway Suite 1450
San Diego, California 92101
Telephone:     (619) 756-6978
Facsimile:     (602) 274-1199

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY NUNEZ, on Behalf of Himself, and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MICROSOFT CORPORATION, a Washington corporation, and BUNGIE, L.L.C., a Delaware Limited Liability Company,<br><br>Defendants. | CV NO. 07cv2209-L (WMC)<br><br>**PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT UNDER RULE 12(b)(6) AND RULE 9(b)**<br><br>Judge:     Hon. M. James Lorenz |

No court has ever held that a plaintiff must give a defendant pre-suit notice before filing breach of implied warranty of merchantability claims under the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §1790 *et seq.* (the "Song-Beverly Act"). Defendants ask this Court to be the first to do so. The Court should decline that invitation.

1

06-CV-1012 WQH RBB

That much is plain, Plaintiff respectfully submits, from the briefing in this matter thus far. Plaintiff offers this additional submission only because Defendants untimely advance several new notice-related arguments in their Reply Memorandum In Support Of Motion To Dismiss Complaint Under Rule 12(b)(6) and Rule 9(b) ("Reply Mem.").

Even though Plaintiff cited in his Complaint (and discussed at length in his dismissal opposition briefing) the most directly relevant case concerning notice-related differences between the Song-Beverly Act and California's version of the Uniform Commercial Code ("UCC") – *Mocek v. Alpha Leisure*, 114 Cal. App. 4th 402 (Cal. App. 4 Dist., 2003) – Defendants did not once mention *Mocek* (much less analyze it) in their initial dismissal brief. Defendants, however, address it at length with new arguments in their reply brief. Ironically, *Mocek* itself rejected as waived a defendant's argument that was only first raised in a reply brief. *Id.* at 409. So it also goes, of course, in the federal courts. *See, e.g., Coleman v. Quaker Oats Corp.*, 232 F.3d 1271, 1289 n.4 (9th Cir. 2000) ("In any case, issues cannot be raised for the first time in a reply brief") (citation omitted). Defendants' argument here should be rejected for its untimeliness alone.[1]

---

[1] This is not the only instance where Defendants raise new arguments in their reply brief – just one of the most prominent. Defendants also argue that Plaintiff should be required to give Song-Beverly pre-suit notice on account of the federal Rules Enabling Act. (Reply Mem. at 5 n.1.) That argument, too, appears for the first time in Defendants' reply and should be thus disregarded. Defendants' sharp practice here is ironic, since Defendants actually accuse Plaintiff of violating this Court's briefing protocols by citing an unpublished decision in his dismissal opposition papers. (*Id.* at 6:20-27.) Defendants claim such citation violates the California Rules of Court. (*Id.*) Of course, the Federal Rules of Civil Procedure and this Court's Local Rules govern matters such as citation of unpublished authority here – not the California Rules of Court, which apply in California state court proceedings. This Court has no Local Rule that restricts citation of unpublished authority and Federal Rule of Appellate Procedure 32.1 permits citation of unpublished federal authority issued on or after January 1, 2007. *See, e.g., United States v. Lopez-Menera*, No. C 07-653 SI, 2008 WL 413736, at *2 n.1 (N.D. Cal. Feb. 13, 2008) ("The government emphasizes the fact that *Basulto-Pulido* is an unpublished decision. However, under

2

Its delinquency aside, Defendants' parsing of *Mocek* (which is to say, Defendants' deriding *Mocek* as irrelevant) should be rejected on its own terms. *Mocek*, of course, is highly relevant. As it cogently explained, if the framers of Song-Beverly wanted to include a provision requiring pre-suit notice for implied warranty claims, they could have easily done so. But they did not. *See Mocek*, 114 Cal. App. 4th at 408 ("if the Legislature had intended that if the seller breaches the implied warranty of merchantability it obtains a right to repair, it would have so stated. This is particularly true because the Legislature expressly provided for repair where a seller breaches an express warranty. The Act's provisions requiring repairs after breach of an express warranty are lengthy and detailed. There is no reason to believe failure to set out the same process in case of a breach of the implied warranty of merchantability was an oversight"). Defendants offer no explanation – belated or otherwise – for why this is so.

Defendants' *Mocek* point is but a subset of a more general (and also untimely) notice-related argument debuted in Defendants' reply brief: that "[t]he Song-Beverly Act does not supersede the [Uniform] Commercial Code's requirement of pre-suit notice before bringing a breach of warranty claim." (*Id.*) This argument, too, misses the mark. Defendants cite for this proposition *Am. Suzuki Motor Corp. v. Superior Court,* 37 Cal. App. 4th 1291, 1295 n.2 (Cal. Ct. App. 1995). *Suzuki* also noted that Song-Beverly was intended to broaden remedies provided by the UCC for warranty breaches. *See Mocek*, 114 Cal. App. 4th at 408 (discussing *Suzuki*). The Song-Beverly Act is clear on this point.

---

Federal Rule of Appellate Procedure 32.1 a court may not prohibit or restrict the citation of judicial opinions, orders, judgments, or other written dispositions that have been designated as 'unpublished' if issued on or after January 1, 2007. *See also* Ninth Circuit Rule 36-6(b) (unpublished dispositions and orders issued on or after January 1, 2007 may be cited to in accordance with Fed. R.App. P. 32.1)").

3

The Song-Beverly Act is even more clear as to how courts ought to construe it in instances where it differs from California's version of the UCC. It states simply that "where the provisions of the Commercial Code conflict with the rights guaranteed to buyers of consumer goods under the provisions of this chapter, the provisions of this chapter shall prevail." Cal. Civ. Code § 1790.3. In view of this language, California's courts hold that Song-Beverly should be given a construction calculated to bring its benefits into action – not one that would defeat its protections. *Robertson v. Fleetwood Travel Trailers of California, Inc.*, 144 Cal. App. 4th 785 (Cal Ct. App. 2006). To paraphrase the baseball saying, if Song-Beverly conflicts with the UCC or there is otherwise any doubt, the tie goes to the Song-Beverly plaintiff.

So here. California's version of the UCC explicitly requires that consumers bringing implied warranty of merchantability claims give pre-suit notice before suing defendants. *See* Cal. Com. Code § 2607. By its terms, Song-Beverly does not require such pre-suit notice. No court has ever held that it does. Nonetheless, Defendants would have courts going forward interpose the UCC's pre-suit notice requirement as a condition precedent to Song-Beverly implied warranty claims. Defendants' proposed construction of Song-Beverly and the UCC *in pari materia*, therefore, brings the UCC's limiting provisions into "conflict" with rights unequivocally guaranteed to buyers of consumer goods under Song-Beverly within the meaning of Cal. Civ. Code § 1790.3. Per Section 1790.3, this Court must resolve that conflict in favor of Plaintiff and his rights under Song-Beverly.

/ / /

/ / /

/ / /

/ / /

## V. CONCLUSION

For the reasons set forth above, Plaintiff again respectfully requests that Defendants' motion be denied.

DATED: March 5, 2008

/s/Todd D. Carpenter

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
ANDREW S. FRIEDMAN
GARRETT W. WOTKYNS
2901 N. Central Avenue, Suite 1000
Phoenix, AZ 85012
Telephone: 602/274-1100
602/274-1199 (fax)

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
TODD D. CARPENTER
501 West Broadway Suite 1450
San Diego, CA 92101
Telephone: 619/756-6978

5

06-CV-1012 WQH RBB