UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RANDY NUNEZ, | ) | Civil No. 07cv2209-L(WMC) |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | **(1) GRANTING PLAINTIFF'S EX** |
| v. | ) | **PARTE APPLICATION FOR** |
| | ) | **LEAVE TO FILE SURREPLY; AND** |
| MICROSOFT CORPORATION, a | ) | **(2) GRANTING IN PART DENYING** |
| Washington corporation, *et al.*, | ) | **IN PART DEFENDANTS' MOTION** |
| | ) | **TO DISMISS WITH LEAVE TO** |
| Defendants. | ) | **AMEND** |
| _____ | ) | |

In this diversity action, Plaintiff alleges causes of action for breach of the implied warranty of merchantability and fitness under the California Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790 *et seq.*, and violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* Defendants filed a motion to dismiss all causes of action pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposed the motion and Defendants replied. Plaintiff filed an ex parte application for leave to file a surreply. For good cause shown, the ex parte application is granted. For the reasons which follow, Defendants' motion to dismiss is granted in part and denied in part. Plaintiff is granted leave to amend.

Plaintiff alleges he purchased a Halo 3 video game, which is manufactured by Defendants. The game can be operated only on the Microsoft Xbox 360 video game console.

/ / / / /

/ / / / /

/ / / / /

When Plaintiff attempted to play the game on the Xbox 360 console, the game repeatedly locked up, froze and/or crashed.[1]

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law"). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534. "[A] plaintiff's obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . .." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal quotation marks and citations omitted).

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998.)

Defendants maintain that Plaintiff cannot state a claim for any of his causes of action. They do not dispute that the Song-Beverly Consumer Warranty Act ("Act") applies to Plaintiff's purchase of Halo 3. As to the implied warranty causes of action, they claim that Plaintiff was required to allege that he timely gave notice of the alleged breach. Such notice is required under

/ / / / /

---

[1] Plaintiff further alleges that numerous other consumers had the same experience, and includes class action allegations. Those allegations are not the subject of this ruling.

California Commercial Code Section 2607(3)(A) and for common law breach of warranty claims, *see Pollard v. Saxe & Yolles Dev. Co.*, 12 Cal.3d 374, 380 (1974).

The Act "supplements, rather than supersedes, the provisions of the California Uniform Commercial Code." *Krieger v. Nick Alexander Imports, Inc.*, 234 Cal. App. 3d 205, 213 (1991). It provides that it "shall not affect the rights and obligations of parties determined by reference to the Commercial Code except that, where the provisions of the Commercial Code conflict with the rights guaranteed to buyers of consumer goods under the provisions of this chapter, the provisions of this chapter shall prevail." Cal. Civ. Code § 1790.3.

"Any buyer of consumer goods who is damaged by a failure to comply with any obligation under . . . an implied warranty . . . may bring an action for the recovery of damages and other legal and equitable relief." Cal. Civ. Code § 1794(a).

> The measure of the buyer's damages in an action under this section shall include the rights of replacement or reimbursement as set forth in subdivision (d) of Section 1793.2, and the following:
> . . .
> (2) Where the buyer has accepted the goods, Sections 2714 and 2715 of the Commercial Code shall apply, and the measure of damages shall include the cost of repairs necessary to make the goods conform.

*Id.* § 1794(b). Section 2714 of the Commercial Code defines the recoverable damages "[w]here the buyer has accepted goods and given notification (subdivision (3) of Section 2607)." Cal. Com. Code § 2714(1). Section 2607(3) provides in pertinent part that "[w]here a tender has been accepted[, t]he buyer must, within a reasonable time after he or she discovers or should have discovered any breach, notify the seller of breach or be barred from any remedy . . .." *Id.* § 2607(3)(A).

Plaintiff relies on *Mocek v. Alfa Leisure, Inc.*, 114 Cal. App. 4th 402 (2004), to argue that the Commercial Code notice provision does not apply to his claims under the Act. *Mocek* addressed the issue whether after breach of an implied warranty under the Act, consumers may rescind the purchase without first affording the manufacturer an opportunity to repair. *Id.* at 405. In *Mocek*, the buyer did not accept the goods, but rejected them. *Id.* at 405. Under this circumstance, the Act provides that Section 2711 of the Commercial Code applies. Cal. Civ. Code § 1794(b)(1); *see also Mocek*, 114 Cal. App. 4th at 406. Under section 2711, the buyer

may cancel and recover any price he had paid. Cal. Com. Code § 2711(1); *see also Mocek*, 114 Cal. App. 4th at 406. The defendant in *Mocek* sought to impose a requirement on the plaintiff to give him an opportunity to repair before canceling and recovering damages, as provided in section 1793.2 of the Act with regard to breaches of express warranties. *Id*. at 406-07. The court held that the statutory language was clear and refused to impose the repair remedy when none was provided in the statute. *Id*. at 407-08.

As in *Mocek*, in this case, the statutory language is clear. Section 1794(b) of the Act expressly references Commercial Code Section 2714, which requires notice before damages can be recovered. *See also* Judicial Council of California, Civil Jury Instructions § 3210, Directions for Use (Feb. 2008).

Relying on section 1790.3 of the Act, Plaintiff argues in his surreply that the notice provision of the Commercial Code conflicts with the rights guaranteed to buyers under the Act, and that the provisions of the Act should therefore trump the Commercial Code provisions. Plaintiff does not explain what conflict results from applying the notice requirement. The argument is rejected because the notice requirement is referenced in Commercial Code Section 2714, which expressly applies though section 1794(b)(1) of the Act.

Last, Plaintiff relies on the policy purpose of the Act to broaden the remedies set out in the Commercial Code to include costs, attorneys' fees and civil penalties. *Mocek*, 114 Cal. App. 4th at 407-08; *Krieger*, 234 Cal. App. 4th at 213. Plaintiff argues that the Act is intended for consumer protection and should be given a construction calculated to bring its benefits into action. *Robertson v. Fleetwood Travel Trailers of Cal., Inc.*, 144 Cal. App. 4th 785, 809 (2007). The benefits of the Act are reflected in the plain meaning of its provisions. As discussed above, the Act expressly applies a remedy provision from the Commercial Code which requires notice. Because Plaintiff does not allege notice, Defendants' motion to dismiss the implied warranty causes of action is granted.

Defendants also moved to dismiss Plaintiff's unfair competition claim. The UCL prohibits unlawful, unfair or fraudulent business acts or practices. Cal. Bus. & Prof. Code § 17200. "Because Business and Professions Code section 17200 is written in the disjunctive, it

establishes three varieties of unfair competition - acts or practices which are unlawful, or unfair, or fraudulent." *Cal-Tech. Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999). The complaint alleges the UCL claim under each of its three prongs. (Compl. ¶¶ 64-68.)

"An unlawful business practice under section 17200 is an act or practice, committed pursuant to a business activity, that is at the same time *forbidden by law*." *Progressive W. Ins. Co. v. Yolo County Super. Ct. (Preciado)*, 135 Cal. App. 4th 263, 287 (2006) (emphasis in original). Plaintiff alleges that Defendants' practices or acts were "unlawful" because they violated the Act. As discussed above, Plaintiff has not sufficiently alleged a violation of the implied warranty provisions of the Act. Accordingly, his UCL allegations fail to the extent they rely on implied warranty violations.

The complaint also alleges fraudulent acts or practices. Plaintiff alleges that Defendants advertised Halo 3 for use exclusively with the Xbox 360 console, but when the game was played on the Xbox 360 console, it routinely froze, crashed or locked up. (Compl. ¶¶ 25-27.) Plaintiff alleges that this constitutes "'fraudulent business acts or practices within the meaning of Cal. Bus. & Prof. Code § 17200" because "Defendants' misrepresentations, non-disclosures and concealments were false, misleading, untrue, deceptive and likely to deceive and in fact did deceive . . .." (*Id*. ¶ 67.)

Defendants' argue that this allegation is not pleaded with the particularity required by Rule 9(b). Plaintiff contends that Rule 9(b) does not apply in the context of his claim. "Rule 9(b)'s particularity requirement applies to state-law causes of action." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). In cases such as this, where fraud is not a necessary element of a claim, a plaintiff may choose nonetheless to allege in the complaint that the defendant has engaged in fraudulent conduct." *Id*. at 1103. The extent to which Rule 9(b) applies in such cases depends on whether the plaintiff alleged a unified course of fraudulent conduct or some fraudulent and some non-fraudulent conduct. *Id*. at 1103-04. In this case, Plaintiff alleged some fraudulent and some non-fraudulent conduct. In such cases, Rule 9(b)'s heightened pleading requirements apply only to the "averments" of fraud supporting a claim

rather than to the claim as a whole. *Id.* at 1104.  Accordingly, "where fraud is not an essential element of a claim, only allegations ('averments') of fraudulent conduct must satisfy the heightened pleading requirements of Rule 9(b).  Allegations of non-fraudulent conduct need satisfy only the ordinary notice pleading standards of Rule 8(a)." *Id.* at 1105.

Plaintiff must comply with Rule 9(b) to the extent he alleges that Defendants' acts or practices were fraudulent.  Those

> [a]verments of fraud must be accompanied by the who, what, when, where and how of the misconduct charged.  A plaintiff must set forth *more* than the neutral facts necessary to identify the transaction.  The plaintiff must set forth what is false or misleading about a statement, and why it is false.

*Id.* at 1106 (internal quotation marks, brackets and citations omitted, emphasis in original). Plaintiff's fraud allegations do not meet this standard.

"[I]f particular averments of fraud are insufficiently pled under Rule 9(b), a district court should 'disregard' those averments, or 'strip' them from the claim.  The court should then examine the allegations that remain to determine whether they state a claim." *Id.* at 1105. Plaintiff's UCL allegations fail to the extent they rely on the "fraudulent" prong of the statute.

Last, Plaintiff alleges that Defendants' acts or practices were "unfair" under the UCL.  "A business practice is unfair within the meaning of the UCL if it violates established public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits." *McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1473 (2006).  The alleged unfairness need not be tethered to some legislatively declared policy. *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 994 (9th Cir. 2000); *see also Progressive W. Ins. Co.*, 135 Cal. App. 4th at 285-87.

"In general the 'unfairness' prong has been used to enjoin deceptive or sharp practices." *Klein v. Earth Elements*, 59 Cal. App. 4th 965, 970 (1997).  Plaintiff alleges that Defendants' practices or acts were unfair because they represented that Halo 3 was for use exclusively on Xbox 360, but when it was played on Xbox 360, it repeatedly and consistently froze, locked up or crashed, disrupting the game and rendering it inoperable. (Compl. ¶¶ 25-27.)  Allegedly, many consumers had complained about this problem to Defendants, but Defendants failed to

acknowledge Halo 3's problems. (*Id*. ¶¶ 28-29.)

Defendants rely on *Klein*, where the plaintiff's UCL claim was denied on summary judgment based on evidence of the defendants' exemplary response to customer complaints about product defects. 59 Cal. App. 4th at 968, 969-70. Accordingly, *Klein* does not support the proposition that Plaintiff failed to properly allege the claim. Defendants' arguments in this regard are rejected.

For the foregoing reasons, **IT IS HEREBY ORDERED**:

1. Plaintiff's ex parte application for leave to file a surreply is **GRANTED**.

2. Defendants' motion to dismiss is **DENIED IN PART AND GRANTED IN PART**.

3. The first cause of action for breach of implied warranty of merchantability under the Song-Beverly Consumer Warranty Act is **DISMISSED**.

4. The second cause of action for breach of implied warranty of fitness under the Song-Beverly Consumer Warranty Act is **DISMISSED**.

5. The third cause of action under the Unfair Competition Law is **DISMISSED**, but only to the extent it is based on unlawful and fraudulent acts or practices.

6. Plaintiff is granted **LEAVE TO AMEND**. Should Plaintiff decide to amend, the first amended complaint must be filed no later than twenty-one (21) calendar days after this order is stamped "Filed." Any response to the first amended complaint must be filed no later than ten (10) calendar days after service.

**IT IS SO ORDERED.**

DATED: August 22, 2008

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM McCURINE, Jr.
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL