BONNETT, FAIRBOURN, FRIEDMAN
 & BALINT, P.C.
Andrew S. Friedman (to be admitted *pro hac vice*)
Garrett W. Wotkyns (Admitted *pro hac vice*)
2901 North Central Avenue, Suite 1000
Phoenix, Arizona 85012
Telephone:     (602) 274-1100
Facsimile:     (602) 274-1199

BONNETT, FAIRBOURN, FRIEDMAN
 & BALINT, P.C.
Todd D. Carpenter (CA 234464)
501 West Broadway Suite 1450
San Diego, California 92101
Telephone:     (619) 756-6978
Facsimile:     (602) 274-1199

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY NUNEZ, on Behalf of Himself, and All Others Similarly Situated. <br><br> Plaintiff, <br><br> vs. <br><br> MICROSOFT CORPORATION, a Washington corporation, and BUNGIE, L.L.C., a Delaware Limited Liability Company. <br> Defendants | Case No.: 07-cv22209-L (WMC) <br><br> CLASS ACTION <br><br> FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF <br><br> 1. **Breach of Statutory Song-Beverly Implied Warranty of Merchantability;** <br><br> 2. **Violation of Cal. Bus. & Prof. Code Section 17200** <br><br><br> Demand for Jury Trial |

Plaintiff RANDY NUNEZ ("Nunez"), by and through his undersigned attorneys, based on his individual experience and the investigation of counsel, alleges on behalf of himself and on behalf of the proposed plaintiff Class as defined herein against Defendants MICROSOFT

First Amended Complaint For Damages and Equitable Relief
- 1 -

CORPORATION (hereinafter individually referred to as "Microsoft") and BUNGIE L.L.C. (hereinafter individually referred to as "Bungie") as follows:

## NATURE OF THE ACTION

1. Microsoft and Bungie (collectively referred to as "Defendants") manufacture a "first person" science fiction video game ("*Halo 3*") made and sold for ***exclusive*** use on Microsoft's video game console (the "Xbox 360"). The container in which Halo 3 is sold expressly states that Halo 3 is compatible with the Xbox 360.

2. Defendants knew or had reason to know that *Halo 3* was being purchased by consumers for use on an Xbox 360.

3. Since the release of *Halo 3* in September 2007, tens of thousands of copies of the *Halo 3* video game have been sold to California consumers.

4. However, *Halo 3* does not function with the Xbox 360; to the contrary, attempted use of *Halo 3* consistently causes the Xbox 360 to "crash," "freeze" or "lock up" while the game is being played.

5. Although faced with repeated and mounting consumer complaints and inquiries concerning this operational flaw in *Halo 3*, Defendants have failed to recall *Halo 3* or otherwise remedy its failure to function on the Xbox 360.

6. Under California statutory law, the Song-Beverly Consumer Warranty Act (Civ. Code Sec 1790 *et seq*.), Defendants as manufacturers of *Halo 3* impliedly warrant that *Halo 3* is merchantable – that is, that *Halo 3* (i) is fit for the ordinary purpose of operating on the Xbox 360, and (ii) conforms to the affirmations of fact made on the *Halo 3* container. Cal Civ. Code §1791.1(a).

7. Because *Halo 3* is not fit for this ordinary purpose, Defendants have breached the statutorily implied warranty of merchantability under the Song-Beverly Consumer Warranty Act.

8. Nunez brings this action as a California class action on behalf of himself and all other similarly situated California consumers that have purchased *Halo 3*, for all relief authorized under

1  Cal. Civ. Code §1791.1(d) and §1794(a), including the rights of replacement or reimbursement
2  provided for under Cal. Civ. Code §1794(b).

3      9.      The Song-Beverly Consumer Warranty Act is manifestly a remedial measure,
4  intended for the protection of the consumer, which should be given a construction calculated to bring
5  its benefits into action.

6      10.      The Court in its August 22, 2008"Order (1) Granting Plaintiff's Ex Parte Application
7  For Leave To File Surreply; And (2) Granting In Part And Denying In Part Defendants' Motion To
8  Dismiss With Leave To Amend" ruled that the Song-Beverly Consumer Warranty Act "requires
9  [that Plaintiff give Defendants] notice before damages can be recovered" against Defendants under
10  that law.  Without waiving their contention that notice is not required under the Song-Beverly
11  Consumer Warranty Act, Nunez in the alternative alleges that any such notice requirement is
12  satisfied by each and all of the following: (a) Defendants' actual knowledge of the alleged defect, (b)
13  the allegations of the original Complaint, or (c) the written notice sent to Defendants subsequent to
14  the Court's Order.

15      11.      First, because Defendants at all material times hereto had actual knowledge of the
16  defect of the particular product at issue here, the notice requirement is deemed satisfied. *See, e.g., In*
17  *re McDonald's French Fry Litigation*, 503 F.Supp.2d 953, 956 (N.D. Ill. 2007) (direct notice is
18  excused under Cal. Com. Code §2607(3) in breach of warranty cases when "the seller has actual
19  knowledge of the defect of the particular product").

20      12.      Defendants acted in bad faith and were aware of their violation of the Song-Beverly
21  Consumer Warranty Act at the time Nunez purchased *Halo 3*.

22      13.      Second, Defendants in any event received direct and satisfactory notice from Nunez
23  when he filed his original Complaint in this matter.  Nunez did not unreasonably delay in filing his
24  original Complaint by which Defendants were given notice of his Song-Beverly Consumer Warranty
25  Act claims.

26      14.      Third, Nunez has now provided separate notice of his Song-Beverly Consumer
27  Warranty Act claims via a letter to Defendants mailed concurrent with the filing of this First
28

Amended Complaint For Damages And Equitable Relief A true and correct copy of this letter is attached as "Exhibit 1".

15. Any waiver by the buyer of consumer goods of the provisions of the Song-Beverly Consumer Warranty Act, except as expressly provided in the Act, is "deemed contrary to public policy and shall be unenforceable" pursuant to Cal. Civil Code §1790.1.

16. The remedies provided by the Song-Beverly Consumer Warranty Act are cumulative, and do not supplant the provisions of the Unfair Practices Act, Business and Professions Code §17200 et seq. Cal. Civ. Code §1790.4.

17. Furthermore, Defendants' statutory violations and other acts, omissions, misrepresentations, practices and non-disclosures, as alleged herein, also constitute "unfair" business acts and practices within the meaning of Cal. Bus. & Prof. Code §§17200, *et seq*.

## PARTIES

18. Microsoft is incorporated under the laws of the State of Washington and maintains its principal executive offices at One Microsoft Way, Redmond, Washington. Microsoft is responsible for the manufacture and sale of *Halo 3*.

19. Bungie is incorporated under the laws of the State of Delaware and maintains its principle executive offices at 434 Kirkland Way, Kirkland, Washington. Bungie is also responsible for the manufacture and sale of *Halo 3*.

20. Nunez resides in the County of San Diego, State of California.

21. At all times herein mentioned, there existed a unity of interest in ownership between the Defendants such that any individuality and separateness between them with respect to the manufacture and sale of *Halo 3* has ceased.

## JURISDICTION AND VENUE

22. This Court has jurisdiction over this matter pursuant to the 15 U.S.C. §1121 and subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1) and (d)(2)(A), in that this action seeks monetary relief in excess of $5,000,000, exclusive of costs and attorneys' fees and interest and is between citizens of different states.

23. This Court has jurisdiction over Microsoft, a Washington corporation, because it is authorized to conduct business in California and has intentionally availed itself of the laws and markets of California in the promotion and marketing of its video games, including *Halo 3*, in California.

24. This Court has jurisdiction over Bungie, a Delaware corporation, because it is authorized to conduct business in California and has intentionally availed itself of the laws and markets of California in the promotion and marketing of *Halo 3* in California.

25. Venue is proper within this District pursuant to 28 U.S.C. §1391(b)(2) because Defendants both conduct substantial business in this District and Nunez resides in this District. Venue is also proper in this Court because a substantial part of the acts and practices giving rise to Nunez's claims occurred or will occur in this District. Defendants have received substantial compensation from their sale of the *Halo 3* product in this District, and Nunez in particular purchased his copy of *Halo 3* in this District.

## GENERAL ALLEGATIONS

26. "Halo" video games are a series of science fiction games originally created by Bungie Software Products Corporation, which was acquired by Microsoft in May 1991. *Halo* 3, the third edition of the game, is designed, manufactured, marketed, and sold by Defendants to be played exclusively on the Xbox 360 video game console.

27. The story line of the *Halo 3* video game builds upon the previous version of the Halo series of video games. The first Halo video game, entitled *"Halo: Combat Evolved,"* was released in November of 2001 exclusively for the Xbox gaming system. Following the success of the original game, Microsoft released the second Halo video game, entitled *"Halo 2"* in November of 2004. The game's sales generated over $125 million dollars on its première day, making it the fastest selling U.S. media product in history. (*See* "Microsoft raises estimated first day *Halo 2* sales to $125 million-plus," Tor Thorsen, *Gamespot*, Nov. 10, 2004; http://www.gamespot.com/news/2004/11/10/news_6112915.html (last viewed on November 10, 2007).) As of August 30, 2007, 8 million units of the game have been sold worldwide." (*See* "Grand Theft Auto, *Halo 3* headed to Xbox 360," Chris Morris, *CNNMoney.com* May 9, 2006;

http://money.cnn.com/2006/05/09/technology/e3_microsoft/index.htm (last viewed on November 10, 2007).)

28.     On September 25, 2007, Microsoft released *Halo 3,* generating over $170 million in sales in the first 24 hours following its release. Microsoft reported that worldwide sales of over $300 million in the first week of its release. (*See* "Microsoft says 'Halo' 1st-week sales were $300 million," *San Francisco Reuters*, October 4, 2007; http://uk.reuters.com/article/technologyNews/idUKN0438777720071005 (last viewed on November 10, 2007).)

29.     On October 1, 2007, six days following the release of *Halo 3*, Bungie split from Microsoft and became a privately held limited liability company. On information and belief, Microsoft retains an ownership interest in Bungie, and Defendants collectively continue to manufacture and sell the *Halo 3*.

30.     At all time herein mentioned, Defendants manufactured, marketed, advertised, and represented on the *Halo 3* product packaging that the *Halo 3* video game was compatible with Microsoft's Xbox 360 video game console. The front of the product packaging represents "Only on XBOX 360" and the back of the packaging represents that *Halo 3* is for exclusive use on the Xbox 360 in the NTSC format, representing the format for all Xbox 360 consoles sold for use in the United States.

31.     After consumers, including Mr. Nunez, inserted the *Halo 3* video game into their respective Xbox 360 video game consoles and began game play, however, the *Halo 3* video game routinely, consistently, and systematically "froze," "crashed" or "locked up" – disrupting game play and rendering the game inoperable.

32.     Many consumers have reported that the *Halo 3* video game has caused their Xbox video game consoles to crash and remain totally inoperable after playing the *Halo 3* video game. Manifold recent consumer complaints on industry Internet websites, weblogs and message boards reflect the existence of the design and/or manufacturing defect in the Defendants' *Halo 3* video game

33.     Defendants have also received numerous complaints directly from their customer service forums on-line, directly from consumers of the game via their telephone customer service

line, and in writing. However, Defendants have failed to acknowledge the propensity of *Halo 3* to freeze, lock up and/or crash the Xbox 360.

## NUNEZ'S PURCHASE OF *HALO 3*

34.     Nunez purchased the *Halo 3* video game on or around the middle of October, 2007 at "Gamestop," a video game retail store located at 530 Horton Plaza, San Diego, California 92101.

35.     Defendants knew or had reason to know that *Halo 3* was being purchased by Nunez for use on an Xbox 360.

36.     Nunez paid $59.99, plus tax, for *Halo 3*.

37.     Following his purchase of the *Halo 3* video game, Nunez attempted to play it on his Xbox 360 video game console. However, Nunez's *Halo 3* video game repeatedly locked up, froze and/or crashed while being operated on Mr. Nunez's Xbox 360 game console.

## CLASS ALLEGATIONS

38.     Nunez brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3), on behalf of all California consumers who, at any time from August of 2007 and the date of class certification, purchased the *Halo 3* video game. Excluded from the class are Defendants and any of their officers, predecessors, successors, directors, affiliates and employees.

39.     The Class is so numerous that joinder of their members is impracticable.

40.     The exact number of Class members is unknown to Nunez at this time and can only be ascertained through appropriate discovery.

41.     There are numerous questions of law and fact common to Nunez and the Class members as set forth above, including:

- Whether the implied warranty of merchantability under Cal. Civ. Code §1791.1 applies to *Halo 3*;
- Whether *Halo 3* as sold by Defendants is in fact merchantable within the meaning of Sec. Cal. Civ. Code §1791.1;
- Whether Defendants breached the implied warranty of merchantability;
- Whether purchasers of *Halo 3* are entitled to damages under Cal. Civ. Code §1794;

- Whether purchasers of *Halo 3* are entitled to other alternative forms of relief under Cal. Civ. Code §1794;
- Whether Defendants' business acts and practices violated Cal. Bus. & Prof. Code §§17200 et seq.; and
- Whether Nunez and the Class are entitled to injunctive, declaratory and other equitable relief under Cal. Bus. & Prof. Code §§17200 et seq..

42. Nunez's claims are typical of the claims of the Class members. If brought and prosecuted individually, the claims of each Class member would require proof of many of the same material and substantive facts, rely upon the same remedial theories and seek the same relief.

43. Nunez's claims are sufficiently aligned with the interests of the absent Class members to ensure that the Class claims will be prosecuted with diligence and care by Nunez as representatives of the Class.

44. Nunez will fairly and adequately protect the interests of the Class and have no interests antagonistic to those of the other Class members.

45. Nunez is willing and prepared to serve the Court and proposed Class in a representative capacity with all the obligations and duties material thereto.

46. Nunez has retained attorneys experienced in class actions and complex litigation as counsel.

47. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendants have acted or refused to act on grounds generally applicable to the Class, making final declaratory or injunctive relief appropriate.

48. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that common questions of law and fact predominate over any questions affecting only individual members.

49. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

- Given the size of individual Class members' claims and the expense of litigating those claims, few, if any, Class members could afford to or would seek legal redress individually for the wrongs Defendants have committed against them, and absent

Class members have no substantial interest in controlling the prosecution of individual actions;

- This action will promote an orderly and expeditious administration and adjudication of the Class's claims;

- Economies of time, effort and resources will be fostered and uniformity of decisions will be ensured; and

- Without a class action, Defendants' violations of law will proceed without remedy while Defendants continue to reap and retain the substantial proceeds of their wrongful conduct.

50.  Nunez knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

## COUNT 1:

### BREACH OF STATUTORY IMPLIED WARRANTY OF MERCHANTABILITY
### (VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT, CAL. CIV. CODE §1791.1(a))

51.  Nunez repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

52.  Nunez is a "buyer" within the meaning of the Song-Beverly Consumer Warranty Act. Cal. Civ. Code §1791.

53.  *Halo 3* is a "consumer good" within the meaning of the Song-Beverly Consumer Warranty Act. Cal. Civ. Code §1791.

54.  Defendants are "manufacturers" of *Halo 3* within the meaning of Cal. Civ. Code §1791.

55.  Any notice requirement under the Song-Beverly Consumer Warranty Act is satisfied by Defendants' actual knowledge at all material times of the defects in *Halo 3* alleged in this First Amended Complaint For Damages And Equitable Relief.

56.  Alternatively, any notice requirement under Song-Beverly Consumer Warranty Act is satisfied by virtue of Plaintiff's original Complaint against Defendants.

57. Alternatively, any notice requirement under Song-Beverly Consumer Warranty Act is satisfied by virtue of the notice letter Nunez is transmitting to Defendants concurrent with the filing of this First Amended Complaint For Damages And Equitable Relief.

58. Nunez did not unreasonably delay in filing his original Complaint and giving Defendant notice of his Song-Beverly Consumer Warranty Act claims.

59. Defendants acted in bad faith and were aware of their violation of the Song-Beverly Consumer Warranty Act at the time Nunez purchased *Halo 3*.

60. Defendants impliedly warranted to Nunez and the Class that *Halo 3* was "merchantable" within the meaning of Cal. Civ. Code §§1791.1(a) and 1792.

61. Defendants impliedly warranted that *Halo 3* was fit for the ordinary purpose of operating on the Xbox360, and conformed to the affirmation of that fact made on the *Halo 3* container.

62. Defendants have breached the implied warranty of merchantability, because the *Halo 3* video games freeze, lock up and/or crash the Xbox 360 video game console when operated in their intended use on the Xbox 360. Defendants continue to breach the implied warranty of merchantability to this day because they have failed to correct the defect in *Halo 3*.

63. As a proximate result of Defendants' breach of the implied warranty of merchantability, Nunez and the Class sustained damages including, but not limited to, the purchase price of *Halo 3*.

64. Pursuant to Cal. Civ. Code §1791(d) and §1794(a), Nunez and the Class are entitled to damages and other legal and equitable relief including, at their election, the rights of replacement and reimbursement.

## COUNT 2:

## CALIFORNIA UNFAIR COMPETITION LAW
### (VIOLATION OF CAL. BUSINESS & PROFESSIONS CODE §§ 17200)

65. Nunez re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herewith.

66. The conduct alleged in this complaint constitutes "unfair" business acts and practices within the meaning of the California Unfair Competition Law, §§17200, *et seq*. of the California Business and Professions Code. Nunez and the Class have suffered injury in fact and lost money or property as a result of Defendants' violations of law and wrongful conduct.

67. Defendants' actions unfair because Defendants have made their product defective and inoperable in its intended use.

68. Defendants' actions are unfair because Defendants did not inform *Halo 3* purchasers that the *Halo 3* video game freezes, locks up and/or crashes when it is utilized in its intended use on Defendant Microsoft's Xbox 360 video game console. Defendants have deceived consumers who reasonably believed that the *Halo 3* video game would perform reliably in its intended use and permit purchasers to play the video game without substantial interruption.

69. Defendants' practices offend public policy and are unethical, oppressive, unscrupulous, and violate the laws stated. Defendants' conduct caused and continues to cause substantial injury to consumers, including Nunez and the Class and was not reasonably avoidable by the consumers themselves. The gravity of Defendant's alleged wrongful conduct outweighs any purported benefits attributable to such conduct. There also were reasonably available alternatives to the Defendants to further their business interests other than the wrongful practices described herein. As a result, Defendants engaged in unfair business practices prohibited by Cal. Bus. & Prof. Code §17200, *et seq*. Finally, Defendants' conduct, acts and omissions violate public policy against sharp and deceptive practices, false advertising, fraud and deception.

70. Accordingly, Defendants have violated the Unfair Competition Law's proscription against engaging in unfair business practices.

71. As a result of this conduct, Nunez and other members of the Class have been damaged.

72. Defendants' conduct is continuing and unless equitable relief is granted, the sale of *Halo 3* video games for exclusive use on Xbox 360 game consoles will continue unabated.

73. Defendants are liable for restitutionary disgorgement and all other relief available under California law to remedy violations of §17200.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF AND THE CLASS pray for judgment and relief as follows:

A.   For an Order that this action may be maintained as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure with respect to Nunez's claims for equitable relief, and Rule 23(b)(3) of the Federal Rules of Civil Procedure with respect to Nunez's incidental claims for damages and other monetary relief, and declaring Nunez as representative of the Class and his counsel as counsel for the Class;

B.   For an Order determining that the conduct alleged herein violates the Song-Beverly Consumer Warranty Act and entering appropriate monetary and equitable relief pursuant to that law;

C.   For an Order determining that the conduct alleged herein violates the California Unfair Competition Law, §§17200, *et seq*. of the California Business and Professions Code and entering appropriate monetary and equitable relief pursuant to that law;

D.   For costs of suit, including reasonable attorneys' fees, and pre- and post-judgment interest;

E.   For such other, further, and different relief as the nature of the case may require or as may be determined to be just, equitable, and proper by this Court.

1 | DATED:  September 12, 2008

3 |                          /s/Todd Carpenter

BONNETT, FAIRBOURN, FRIEDMAN
   & BALINT, P.C.

ANDREW S. FRIEDMAN
GARRETT W. WOTKYNS
2901 N. Central Avenue, Suite 1000
Phoenix, AZ  85012
Telephone:  602/274-1100
602/274-1199 (fax)

BONNETT, FAIRBOURN, FRIEDMAN
   & BALINT, P.C.

TODD D. CARPENTER
501 West Broadway Suite 1450
San Diego, CA 92101
Telephone: 619/756-6978

First Amended Complaint For Damages and Equitable Relief
- 13 -

## JURY TRIAL DEMAND

Nunez demands a trial by jury on all issues so triable.

DATED: September 12, 2008

           /s/Todd Carpenter

BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.

ANDREW S. FRIEDMAN
GARRETT W. WOTKYNS
2901 N. Central Avenue, Suite 1000
Phoenix, AZ 85012
Telephone: 602/274-1100
602/274-1199 (fax)

BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.

TODD D. CARPENTER
501 West Broadway Suite 1450
San Diego, CA 92101
Telephone: 619/756-6978

| | |
|---|---|
| 1 | BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C. |
| 2 | Andrew S. Friedman (to be admitted *pro hac vice*) |
|   | Garrett W. Wotkyns (admitted *pro hac vice*) |
| 3 | 2901 North Central Avenue, Suite 1000 |
|   | Phoenix, Arizona 85012 |
| 4 | Telephone:   (602) 274-1100 |
|   | Facsimile:   (602) 274-1199 |
| 5 | |
| 6 | BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C. |
| 7 | Todd D. Carpenter (CA 234464) |
|   | 501 West Broadway Suite 1450 |
| 8 | San Diego, California 92101 |
|   | Telephone:   (619) 756-6978 |
| 9 | Facsimile:   (602) 274-1199 |
| 10 | *Attorneys for Plaintiff* |

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RANDY NUNEZ, on Behalf of Himself, and All Others Similarly Situated, | ) ) ) | CV NO. 07cv2209-L (WMC) |
| Plaintiff, | ) ) | CERTIFICATE OF SERVICE |
| vs. | ) ) | |
| MICROSOFT CORPORATION, a Washington corporation, and BUNGIE, L.L.C., a Delaware Limited Liability Company, | ) ) ) ) ) | |
| Defendants. | ) ) | |

First Amended Complaint For Damages and Equitable Relief
- 15 -

| | |
|---|---|
| 1 | CERTIFICATE OF SERVICE |
| 2 | STATE OF CALIFORNIA, COUNTY OF SAN DIEGO: |
| 3 | I, the undersigned, declare: that I am employed in the aforesaid County; I am over the age of 18 and not a party to the within action; my business address is Bonnett, Fairbourn, Friedman & Balint, PC, 501 West Broadway Suite 1450, San Diego, CA 92101. |
| 6 | On September 12, 2008, I served upon the interested party(ies) in this action the foregoing document(s) described as: |
| 7 | FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF |
| 8 | CERTIFICATE OF SERVICE |
| 9 | X    By Electronic Mail (as indicated on Service List) I caused such documents to be sent by electronic mail |
| 11 | I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. |
| 12 | Executed this 12th day of September, 2008. |

Service List

| | |
|---|---|
| Gregory P. Stone<br>Munger, Tolles & Olson, LLP<br>355 South Grand Ave., 35th Fl.<br>Los Angeles, CA  90071 | Rosemary T. Ring<br>Munger, Tolles & Olson, LLP<br>560 Mission Street, 27th Fl.<br>San Francisco, CA  94105 |
| Email:  gregory.stone@mto.com | Email: rosemarie.ring@mto.com |