1  BONNETT, FAIRBOURN, FRIEDMAN
   & BALINT, P.C.
2  Andrew S. Friedman (to be admitted *pro hac vice*)
   2901 North Central Avenue, Suite 1000
3  Phoenix, Arizona 85012
   Telephone:    (602) 274-1100
4  Facsimile:    (602) 274-1199

5  BONNETT, FAIRBOURN, FRIEDMAN
   & BALINT, P.C.
6  Todd D. Carpenter (CA 234464)
   501 West Broadway Suite 1450
7  San Diego, California 92101
   Telephone:    (619) 756-6978
8  Facsimile:    (602) 274-1199

9  SCHNEIDER WALLACE
   COTTRELL BRAYTON KONECKY LLP
10 Garrett W. Wotkyns (admitted *pro hac vice*)
   7702 E. Doubletree Ranch Road, Suite 300
11 Scottsdale, Arizona 85258
   Telephone:  (480) 607-4368
12 Facsimile:  (480) 348-3999

13 Attorneys for Plaintiff

14

15 **UNITED STATES DISTRICT COURT**

16 **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 17 RANDY NUNEZ, on Behalf of Himself, and All Others Similarly Situated, | Civil No. 07cv2209-L (WMC) |
| 18          Plaintiff, | **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN** |
| 19     vs. | **OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST** |
| 20 MICROSOFT CORPORATION, a Washington corporation, and BUNGIE, L.L.C., | **AMENDED COMPLAINT UNDER RULE 12(b)(6) AND RULE 9(b)** |
| 21 a Delaware Limited Liability Company, | |
| 22         Defendants. | |

23

24

25

26

27

28

1

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................. 1

II.   SUMMARY OF FACTS ALLEGED ................................................... 2

III.  DEFENDANTS' BURDEN OF PROOF UNDER RULE 12(b)(6) .................... 3

IV.  ARGUMENT ..................................................................................... 3

    A.    Plaintiff's Unfair Business Practices Allegations Are Well-Pleaded ...................... 3

    B.    Plaintiff Has Satisfied The Pre-Suit Notice Requirement For His Song-Beverly Warranty Claim ................................................................. 5

        1.    Under *Greenman*, no pre-suite notice is required here ................ 5

        2.    *Greenman* aside, Plaintiff properly has provided Defendants with notice of his intent to pursue warranty claims against Defendants ........................ 6

            a.    Actual knowledge .......................................................... 6

            b.    Plaintiff's notice letter to Defendants ................................ 8

V.   CONCLUSION ................................................................................ 8

i

TABLE OF AUTHORITIES

**Cases**

*Allstate Ins. Co. v. Daimler Chrysler*
   2004 WL 442679 (N.D. Ill. Mar. 9, 2004) ................................................................. 7

*Bell Atlantic Corp. v.  Twombly*
   127 S.Ct. 1955 (2007) ................................................................................................. 3

*Blennis v. Hewlett-Packard-Co.*
   No. C 07-00333 JF, 2008 WL 818526, at *3 (N.D. Cal. March 25, 2008) ............. 5, 7

*Cervantes v. United States*
   330 F.3d 1186 (9th Cir. 2003) .................................................................................... 3

*Connick v. Suzuki Motor Co. Ltd.*
   675 N.E.2d 584 (Ill. 1996) .......................................................................................... 7

*Corp. of Presiding Bishop of Church of Jesus Christ of Latter-Day Saints v. Cavanaugh*
   217 Cal.App.2d 492 (Cal. Ct. App. 1963) ............................................................ 5, 6, 7

*Estate of Migliaccio v. Midland Nat'l Life Ins. Co.*
   436 F. Supp. 2d 1095 (C.D. Cal. 2006) ....................................................................... 3

*Greenman v. Yuba Power Products, Inc.*
   59 Cal.2d 57, 61 (1963) ....................................................................................... 5, 6, 7, 8

*Hall v. Santa Barbara*
   833 F.2d 1270 (9th Cir. 1986) .................................................................................... 3

*Hampton v. Gebhardt's Chili Powder Co.*
   294 F.2d 172 (9th Cir. 1961) ...................................................................................... 8

*In re Ford Motor Co. E-350 Van Prods. Liab. Litig. (No. II)*
   2008 WL 4126264, at *11 (D. N.J. Sept. 2, 2008) ..................................................... 5

*In re HP Inkjet Printer Litigation*
   No. C 05-3580 JF, 2006 WL 563048, at * 6 (N.D. Cal. Mar. 7, 2006) ...................... 8

*In re McDonald's French Fry Litigation*
   503 F.Supp.2d 953 ................................................................................................. 6, 7

*Khoury v. Maly's of California*
   14 Cal.App.4th 612 (Cal. Ct. App. 1993) ............................................................ 3, 4, 5

*Lucas Auto. Engineering, Inc. v. Bridgestone/Firestone, Inc.*
   275 F.3d 762 (9th Cir. 2001) ...................................................................................... 3

*McAnulty v. Lema*
   200 Cal.App.2d 126 (Cal. Ct. App. 1962) .................................................................. 7

*Multimedia Patent Trust v. Microsoft Corp.*
   525 F.Supp.2d 1200 (S.D. Cal. 2007) ........................................................................ 4

*Ortal Real Estate & Management, Inc. v. Kaufman*
   2008 WL 726169, at *9 (Cal. Ct. App. March 19, 2008) ........................................... 5

*United States v. Redwood City*
   640 F.2d 963 (9th Cir. 1981) ...................................................................................... 3

ii

1  **Statutes and Rules**

California's Unfair Competition Law, Cal. Bus. & Prof.
Code § 17200 *et seq.*   ............................................................................................... 1

## I.   __INTRODUCTION__

In response to the motion of Defendants Microsoft Corporation and Bungie, L.L.C. (collectively, "Defendants") to dismiss Plaintiff's original Complaint, the Court:

     (a)    sustained Plaintiff's California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL") claim based on "unfair business practices," and

     (b)    dismissed without prejudice Plaintiff's Song-Beverly Consumer Warranty Act ("Song-Beverly") claim, with leave to amend to address the matter of pre-claim notice.

"Order (1) Granting Plaintiff's Ex Parte Application For Leave To File Surreply; And (2) Granting In Part And Denying In Part Defendants' Motion To Dismiss With Leave To Amend" [Doc. # 21] ("August 22, 2008, Order").  Plaintiff in his First Amended Complaint therefore:

     (a)    reasserted his sustained UCL "unfair business practices" claim virtually verbatim; and

     (b)    added allegations to show excuse and/or satisfaction of any pre-suit notice requirement applicable to his Song-Beverly warranty claims.

"First Amended Complaint for Damages and Equitable Relief" [Doc. # 22] ("FAC").

Unable to limit themselves to the newly added notice allegations pertinent to the Song-Beverly warranty claim, Defendants in their latest moving papers revisit settled issues by deriding Plaintiff's unfair business practice claim in the FAC as somehow "remarkable," "unprecedented" and "absurd" -- even though the Court has already ruled that those allegations state a cognizable UCL claim for relief. "Defendants' Memorandum Of Points And Authorities In Support Of Motion to Dismiss First Amended Complaint Under Rule 12(b)(6) And Rule 9(b)" ("Def. Mem."), at 1, 10-16; *but see* August 22, 2008, Order, at 6-7 (sustaining Plaintiff's Section 17200 unfair business practice claim).  Because Plaintiff's unfair business practice allegations in his FAC are substantively identical to those presented in his original Complaint, Defendants' motion should be denied under the law of the case doctrine insofar as it pertains to Plaintiff's UCL claim.

1    Defendants' request for dismissal of Plaintiff's amended Song-Beverly claim is equally

2    meritless.  Defendants assert that Plaintiff's Song-Beverly claim should be dismissed for Plaintiff's

3    ostensible failure to provide Defendants with proper pre-suit notice.  But as shown below, the

4    authority on which Defendants base their notice argument actually *excuses* plaintiffs in cases like this

5    from giving pre-suit notice.  Moreover, Plaintiff has in any event given Defendants sufficient notice

6    of his intent to seek relief against them under Song-Beverly.

7  **II.    SUMMARY OF FACTS ALLEGED**

8    Plaintiff purchased the "*Halo 3*" video game, which was manufactured and marketed by

9    Defendants Microsoft Corporation and Bungie, LLC (collectively, "Microsoft" or "Defendants"), from

10   a video game retailer named "Gamestop" in San Diego, California, in October 2007. (FAC ¶ 34.) The

11   container in which *Halo 3* is sold "expressly states that *Halo 3* is compatible with the Xbox 360" game

12   console, and Defendants otherwise marketed *Halo 3* as compatible with the Xbox 360.  (*Id.* ¶¶ 2, 30.)

13   Plaintiff alleges that even though Defendants knew consumers were purchasing *Halo 3* only for use on

14   the Xbox 360 game system, *Halo 3* nonetheless does not function with that system, and that attempted

15   use of *Halo 3* consistently causes the Xbox 360 to "crash," "freeze" or "lock up" while the game is

16   being played.  (*Id.* ¶¶ 2, 4.)  Plaintiff alleges that Defendants have not remedied *Halo 3*'s

17   malfunctioning even though Defendants have been "faced with repeated and mounting consumer

18   complaints and inquiries concerning this operational flaw in the *Halo 3*" game.  (*Id.* ¶ 5.)  Plaintiff

19   alleges that Defendants knew or had reason to know that *Halo 3* was being purchased by consumers

20   for use on an Xbox 360, and that the buyers of *Halo 3* are entitled to a game that is fit for the ordinary

21   purpose of operating on the Xbox 360 and conforms to the affirmations of fact made on the *Halo 3*

22   game container.  (*Id.* ¶¶ 2, 6-7.)  Nonetheless, Defendants sold to Plaintiff and other members of the

23   proposed Class *Halo 3* games that are not fit for this ordinary purpose and do not conform to these

24   representations but instead "repeatedly locked up, froze and/or crashed while being operated[.]"  (*Id.*

25   ¶¶ 31, 34, 37.)  As a result, Plaintiff and other California purchasers of *Halo 3* have sustained

26   economic damages including, but not limited to, the purchase price(s) of *Halo 3.*  (*Id.* ¶¶ 64, 66.)

27

28

2

1    III.    **DEFENDANTS' BURDEN UNDER RULE 12(b)(6)**

2            It is "axiomatic that 'the motion to dismiss for failure to state a claim is viewed with disfavor

3    and is rarely granted.'"  *Hall v. Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir. 1986).  Thus, "it is only

4    the extraordinary case in which dismissal is proper."  *United States v. Redwood City*, 640 F.2d 963,

5    966 (9th Cir. 1981).  When considering a motion to dismiss, the court must accept as true the

6    complaint's allegations and construe them in the light most favorable to plaintiff.  *Cervantes v. United*

7    *States*, 330 F.3d 1186, 1187 (9th Cir. 2003).  A motion to dismiss must be denied "'unless it appears

8    beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

9    him to relief."  *See Estate of Migliaccio v. Midland Nat'l Life Ins. Co.*, 436 F. Supp. 2d 1095, 1099

10   (C.D. Cal. 2006).

11   IV.   **ARGUMENT**

12          A.    **Plaintiff's Unfair Business Practices Allegations Remain Well-Pleaded.**

13          The FAC is essentially identical to Plaintiff's original Complaint but for the fact that it: (1)

14   includes the new allegations concerning pre-suit notice relating to the Song-Beverly warranty claim,

15   and (2) removes the causes of action for "unlawful" business practices and "fraudulent" business

16   practices under the UCL that were included in the original Complaint but dismissed by the Court in

17   the August 22, 2008, Order.  Otherwise, the FAC is substantively identical to Plaintiff's original

18   Complaint.

19           The Court has already determined that Plaintiff's "unfair business practices" allegations in the

20   original Complaint were sufficiently well-pleaded to survive Defendant's initial motion to dismiss.

21   In that motion, Defendants advanced the same arguments under Federal Rule of Civil Procedure 9(b)

22   and *Bell Atlantic Corp. v.  Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1968 (2007), that they repeat in their

23   current motion.  (*See, e.g.*, Def. Mem. at 2.)  Defendants' renewed arguments should be rejected

24   under the law of the case doctrine.  *See, e.g., Lucas Auto. Engineering, Inc. v. Bridgestone/Firestone,*

25   *Inc.*, 275 F.3d 762, 766 (9th Cir. 2001) (under the law of the case doctrine, courts do not "reexamine

26   an issue previously decided by the same or higher court in the same case").

27           Defendants in their new round of moving papers debut a Rule 9(b)-like argument based on

28   *Khoury v. Maly's of California*, 14 Cal.App.4th 612, 619 (Cal. Ct. App. 1993), which according to

1  Defendants articulates a "heightened pleading standard" for UCL claims.  (Def. Mem. at 2.) Although

2  Defendants correctly observe that *Khoury* requires that a plaintiff "state with reasonable particularity"

3  the facts supporting the statutory elements of the violation, *id*., *Khoury* does not support dismissal

4  here.

5  In *Khoury*, the court upheld the dismissal of the plaintiff's UCL causes of action because the

6  complaint there "identifie[d] no particular section of the [UCL] statutory scheme which was violated

7  and fail[ed] to describe with any reasonable particularity the facts supporting violation."   14

8  Cal.App.4th at 619.  By contrast, Plaintiff's FAC identifies the particular section of the UCL that

9  Defendants violated (namely, the section proscribing "unfair business practices") and describes with

10  reasonable particularity how Defendants committed unfair business practices with respect to Plaintiff

11  and the proposed Class. Plaintiff expressly alleges that Defendants' acts are "unfair" within the

12  meaning of the UCL because Defendants "made their product defective and inoperable in its intended

13  use," because these acts "offend public policy and are unethical, oppressive, [and] unscrupulous,"

14  because they "outweigh[] any purported benefits attributable to such conduct," because there "were

15  reasonably available alternatives to the Defendants to further their business interests other than

16  the[se] wrongful practices" and because "Defendants' conduct, acts and omissions violate public

17  policy against sharp and deceptive practices[.]"  (FAC ¶¶ 66-69.)  Plaintiff specifically alleges that

18  these unfair business acts and practices damaged him and other members of the proposed Class.  (*Id.*

19  ¶ 71.) Plaintiff amply alleges that, by manufacturing and marketing a defective video game that

20  Defendants knew was defective while concealing from Plaintiff and other purchasers of the game that

21  the game freezes, locks up and/or crashes when used on the video game system for which it is

22  exclusively manufactured, Defendants have engaged in unfair business practices in proscribed by

23  Section 17200.  (FAC ¶¶ 1, 5, 11, 12, 33, 68.)

24  Defendant's *Khoury*-based request for dismissal should therefore be denied.  *See, e.g.,*

25  *Multimedia Patent Trust v. Microsoft Corp.,* 525 F.Supp.2d 1200, 1218 (S.D. Cal. 2007) (denying in

26  part motion to dismiss because "fraudulent business practices" UCL allegations satisfied *Khoury*

27  standard; the pleadings in question "meet the reasonable particularity standard to state a claim under

28  the 'fraudulent' act or practice prong of Section 17200.  This merely requires allegations that the

4

public is likely to be deceived and, to the extent injunctive relief is sought, that the complaint suffered actual injury. Gateway's pleadings meet these requirements[]"); *Ortal Real Estate & Management, Inc. v. Kaufman*, No. B189281, 2008 WL 726169, at *9 (Cal. Ct. App. March 19, 2008) (reversing trial court that sustained demurrer to UCL allegations under *Khoury* where the complaint "alleged that the defendants engaged in the business practice of arranging loans (Simon) and lending money (Simon and Kaufman), that Simon reneged on his promises, and that the defendants demanded excessive interest and fees and forced the plaintiffs to sign a lease under duress. These allegations adequately alleged unfair business practices[]").

**B.    Plaintiff Has Satisfied The Pre-Suit Notice Requirement For His Song-Beverly Warranty Claim.**

**1.    Under *Greenman*, no pre-suit notice is required here.**

Defendants broadly base their notice argument on *Greenman v. Yuba Power Products, Inc.*, 59 Cal.2d 57, 61 (1963).  (*See* Def. Mem. at 6-8 (discussing *Greenman*).)  Under *Greenman* and its progeny, however, pre-suit notice is not required under California warranty law "where the action is against a manufacturer on a warranty that arises independently of a contract of sale, such as a manufacturer's express warranty."  *Blennis v. Hewlett-Packard-Co.*, No. C 07-00333 JF, 2008 WL 818526, at *3 (N.D. Cal. March 25, 2008) (discussing *Greenman* and refusing to dismiss California warranty claims for economic loss against computer printer manufacturer for the plaintiff's failure to give pre-suit notice) (citation omitted); *see also Corp. of Presiding Bishop of Church of Jesus Christ of Latter-Day Saints v. Cavanaugh*, 217 Cal.App.2d 492, 514-15 (Cal. Ct. App. 1963) (following *Greenman* in economic loss case concerning defective heating system and holding that "even if the plaintiff did not give timely notice of breach of warranty to the manufacturer the cause of action should not be held to have been barred"); *In re Ford Motor Co. E-350 Van Prods. Liab. Litig. (No. II)*, Civ. No. 03-4558 (HAA), 2008 WL 4126264, at *11 (D. N.J. Sept. 2, 2008) (following *Cavanaugh* and *Greenman* and refusing to dismiss for failure to give pre-suit notice California law warranty claims of plaintiffs claiming defectively designed vans caused them economic losses); *Greenman*, 59 Cal.2d at 61 (holding that "[t]he notice requirement ... is not an appropriate one for the

court to adopt in actions by injured consumers against manufacturers with whom they have not dealt").

Plaintiff bought his copy of *Halo 3* from a retailer rather than directly from Defendants, who are the game's manufacturers. (FAC ¶ 34.)  His Song-Berly claim against Defendants, moreover, arises as a matter of law independent of his contract of sale with the selling retailer.  Under *Greenman* and the foregoing case law construing it, dismissal for failure to give pre-suit notice here is unwarranted.

To the extent that Defendants – having themselves put *Greenman* into play – attempt in their reply brief to distinguish *Greenman* on the ground that it somehow applies only to personal injury actions, that argument would not be well-taken.  As the court in *Cavanaugh*, one of the numerous so-called "economic loss" cases refusing to dismiss warranty claims on pre-suit notice grounds, put it:

> Although the *Greenman* case involved personal injuries, there is no sound reason for making that fact a basis for distinction with respect to the requirement of notice. In the present case the plaintiff did not deal directly with the manufacturer. A person in the position of the plaintiff ordinarily would not be aware of his rights as against the manufacturer until he had received legal advice predicated upon an adequate investigation of the facts as to the manufacturer's participation in the chain of events culminating in damage to the plaintiff. The reasoning of the *Greenman* case is persuasive with respect to a case of the nature of the one now before the court. In the absence of a statutory provision for notice, even if the plaintiff did not give timely notice of breach of warranty to the manufacturer the cause of action should not be held to have been barred.

217 Cal.App.2d at 514-15.

### 2. *Greenman* aside, Plaintiff properly has provided Defendants with notice of his intent to pursue warranty claims against Defendants.

Even if *Greenman* did not apply, any California pre-suit notice requirement for consumer warranty claims is excused or satisfied here for two independently dispositive reasons.

#### a. Actual knowledge

First, Plaintiff alleges that Defendants have had at all material time had actual knowledge of the defect at issue here.  (FAC ¶ 11.)  Such allegations excuse the notice requirement in cases like this.  *See In re McDonald's French Fry Litigation*, 503 F.Supp.2d 953, 956 (direct notice is excused under Cal. Com. Code Sec. 2607(3) in breach of warranty cases where "the seller has actual notice of the defect of the particular product").

1    Although Defendants admit that *In re McDonald's* supplies the "correct legal standard"

2    concerning the "actual knowledge" issue, they nonetheless assert that Plaintiff "misapplies it to the

3    facts here." (Def. Mem. at 5.)  Citing an Illinois case, *Connick v. Suzuki Motor Co. Ltd.*, 675 N.E.2d

4    584, 589 (Ill. 1996), Defendants argue that the actual knowledge exception to the notice requirement

5    only applies when the plaintiff alleges that the defendant "had actual knowledge of the alleged breach

6    of (sic) the particular products purchased by the named plaintiffs in this lawsuit." (Def. Mem. at 5-6.

7    (quoting and discussing *Connick*).)   Defendants also attempt to limit the reach of the "actual

8    knowledge" exception to the notice requirement to cases where a plaintiff alleges that a defendant's

9    breach of warranty has caused him personal injury rather than "only economic loss." (Def. Mem. at

10   6.)  Although Defendants concede that "California courts have not expressly addressed all of the

11   issues decided in the[se] . . . Illinois cases," they nevertheless insist that "the California Supreme

12   Court recognizes and applies the rationale and policy justifications articulated by these courts." (Def.

13   Mem. at 6 (citing *Greenman*).)

14   This is decidedly not so.  Per *Cavanaugh* and *Blennis*, California courts have **not** confined

15   exceptions or carve-outs to the pre-suit notice requirement for warranty suits to personal injury cases.

16   *See Cavanaugh*, 217 Cal.App.2d at 514-15; *Blennis*, 2008 WL 818526, at *3.  Moreover, nothing in

17   *In re McDonald's* or in the case that the court there cited in its "actual knowledge" analysis – which

18   is not *Connick*, but *Allstate Ins. Co. v. Daimler Chrysler,* No. 03C6107, 2004 WL 442679, at *2

19   (N.D. Ill. Mar. 9, 2004) – supports the limitation on the "actual knowledge" rule that Defendants urge

20   on this Court.

21   In any event, Plaintiff alleges that Defendants have actual knowledge of Plaintiff's specific

22   experience with Defendants' defective product by dint of Plaintiff's original filing of his suit against

23   Defendants over a year ago, and that allegation suffices here.  *See, e.g., McAnulty v. Lema*, 200

24   Cal.App.2d 126, 134 (Cal. Ct. App. 1962) ("No particular form of notice is required. It need merely

25   apprise the seller that the buyer intends to look to him for damages").  Defendants' insistence that

26   they at present have no actual knowledge of Plaintiff's particular problems with their product over a

27   year after Plaintiff filed his original Complaint against them complaining of the defects in **his** copy of

28   the *Halo 3* game simply cannot be credited.

1

2
### b.    Plaintiff's notice letter to Defendants

Regardless, Plaintiff mailed separate notice of his intent to pursue Song-Beverly claims

3
against Defendants in a letter to Defendants concurrently with the filing of his First Amended

4
Complaint. (FAC ¶ 14.) Such a letter constitutes sufficient pre-suit notice to Defendants under these

5
circumstances. *See  In re HP Inkjet Printer Litigation*, No. C 05-3580 JF, 2006 WL 563048, at *6

6
(N.D. Cal. Mar. 7, 2006) (holding no notice required under *Greenman* because the plaintiffs bought

7
their computer printers from retail sellers and adding that, regardless of *Greenman*, notice letter that

8
the plaintiffs sent to the defendant a week after filing of first amended complaint was sufficient pre-

9
suit notice for California law warranty claims).

10
Defendants object to Plaintiff's use of notice letter and citation to *In re HP Inkjet* because *In*

11
*re HP Inkjet* may not be cited in the Northern District of California and otherwise "was wrongly

12
decided." (Def. Mem. at 8-9 n.4.) Defendants again err. This Court has no local rule barring citation

13
of unpublished but persuasive authority such as *In re HP Inkjet*, and *In re HP Inkjet* was not wrongly

14
decided. Defendants argue that the *In re HP Inkjet* court mistakenly relied upon a decision, *Hampton*

15
*v. Gebhardt's Chili Powder Co*., 294 F.2d 172, 174 (9th Cir. 1961), that was superseded by

16
*Greenman* – which, according to Defendants, establishes separate pre-suit notice regimes for personal

17
injury warranty suits and "economic loss" warranty suits. (Def. Mem. at 6.) As noted above,

18
California courts do not interpret *Greenman* in the manner urged by Defendants, and this Court

19
should not do so, either.

20
### V.    <u>CONCLUSION</u>

21
For the foregoing reasons, Defendants' current Motion to Dismiss should be denied in its

22
entirety.

23
. . .

24
. . .

25
. . .

26

27

28

8

1    Dated: November 26, 2008

2

3                                         BONNETT, FAIRBOURN, FRIEDMAN
                                          & BALINT, P.C.

4                                         BONNETT, FAIRBOURN, FRIEDMAN
                                          & BALINT, P.C.

5

6                                         SCHNEIDER WALLACE
                                          COTTRELL BRAYTON
                                          KONECKY LLP

7

8                                         s/ Garrett W. Wotkyns
                                          Garrett W. Wotkyns
                                          Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9