1  GREGORY P. STONE (State Bar No. 78329)
   MUNGER, TOLLES & OLSON LLP
2  355 South Grand Avenue, Thirty-Fifth Floor
   Los Angeles, CA 90071-1560
3  Telephone:  (213) 683-9100
   Facsimile:  (213) 687-3702
4  Email: Gregory.Stone@mto.com

5  ROSEMARIE T. RING (State Bar No. 220769)
   MUNGER, TOLLES & OLSON LLP
6  560 Mission Street, Twenty-Seventh Floor
   San Francisco, CA 94105-2907
7  Telephone:  (415) 512-4000
   Facsimile:  (415) 512-4077
8  Email: Rose.Ring@mto.com

9  Attorneys for Defendants
   MICROSOFT CORPORATION and
10 BUNGIE, LLC

11

12                    UNITED STATES DISTRICT COURT

13                   SOUTHERN DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| 15 RANDY NUNEZ, on Behalf of Himself, and All Others Similarly Situated, | Civil No. 07cv2209-L (WMC) |
| 16 | DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT UNDER RULE 12(b)(6) AND RULE 9(b) |
| 17 Plaintiffs, | |
| 18 vs. | |
| 19 MICROSOFT CORPORATION, a Washington corporation, and BUNGIE, L.L.C., a Delaware Limited Liability Company, | Judge:    Hon. M. James Lorenz |
| 20 | Location:  Courtroom 14 |
| | Date:     December 15, 2008 |
| 21 Defendants. | Time:     10:30 a.m. |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION .................................................................................................. 1

II. ARGUMENT ........................................................................................................ 2

    A. Plaintiff's Remaining UCL Claim Should Be Dismissed Because the FAC Does Not Allege Any "Unfair" Business Practice with the Requisite Particularity ............................................................................................... 2

        1. The Law of the Case Doctrine Does Not Preclude the Court from Considering Whether the FAC Meets Applicable Pleading Standards ............................................................................................ 2

        2. Plaintiff Cannot Show That the FAC Satisfies Applicable Pleading Standards by Recasting as "Unfair" Business Practices Allegations of "Fraudulent" Business Practices Which the Court Has Already Dismissed as Insufficiently Pled ........................................................ 3

    B. Plaintiff's Remaining Song-Beverly Claim Should Be Dismissed Because the FAC Does Not Allege the Requisite Notice ........................................... 5

        1. Greenman and "Its Progeny" Do Not Render the Commercial Code's Pre-Suit Notice Requirement Inapplicable to Plaintiff's Song-Beverly Implied Warranty Claim ................................................ 5

        2. Filing a Lawsuit Does Not Excuse Plaintiff from the Pre-Suit Notice Requirement Under the "Actual Knowledge" Exception ............... 9

        3. The September 12, 2008 Letter to Defendants' Counsel Does Not Satisfy the Pre-Suit Notice Requirement ................................................ 11

III. CONCLUSION ................................................................................................... 11

# TABLE OF AUTHORITIES

**Page**

### FEDERAL CASES

*Anthony v. Country Life Mfg.*,
  No. 02-C-1601, 2002 WL 31269621 (N.D. Ill. Oct. 9, 2002) ............................................... 11

*Blennis v. Hewlett-Packard Co.*,
  No. C 07-00333, 2008 WL 818526 (N.D. Cal. March 25, 2008) ........................................ 8

*Brothers v. Hewlett Packard Co.*,
  No. C-06-02254 RMW, 2006 WL 3093685 (N.D. Cal. Oct. 31, 2006) ................................ 4

*In re HP Inkjet Printer Litig.*,
  No. C 05-3580, 2006 WL 563048 (N.D. Cal. Mar. 7, 2006) ............................................... 8

*In re McDonald's French Fries Litigation*,
  503 F. Supp. 2d 953 (N.D. Ill. 2007) ................................................................................. 10

*Mendenhall v. Nat'l Transp. Safety Bd.*,
  213 F.3d 464 (9th Cir. 2000) .............................................................................................. 3

*Reyes v. McDonald's Corp.*,
  No. 06 C 1604, 2006 WL 3253579 (N.D. Ill. Nov. 8, 2006) ............................................. 11

*Snyder v. Ford Motor Co.*,
  No. C-06-0497, 2006 WL 2472187 (N.D. Cal. Aug. 24, 2006) .......................................... 4

*United States v. Lummi Indian Tribe*,
  235 F.3d 443 (9th Cir. 2000) .............................................................................................. 2

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) ............................................................................................ 4

### STATE CASES

*Connick v. Suzuki Motor Co.*,
  675 N.E.2d 584 (Ill. 1996) ................................................................................................ 10

*Corp. of Presiding Bishop of Church of Jesus Christ of Latter-Day Saints v. Cavanaugh*,
  217 Cal. App. 2d 492 (1963) ..................................................................................... 5, 6, 7, 8

*Greenman v. Yuba Power Products, Inc.*,
  59 Cal. 2d 57 (1963) ................................................................................................. 5, 6, 7, 8

*Khoury v. Maly's of Cal., Inc.*,
  14 Cal. App. 4th 612 (1993) ............................................................................................... 5

*Klein v. Earth Elements*,
  59 Cal. App. 4th 965 (1997) .................................................................................... 2, 3, 8, 9

## I. INTRODUCTION

In his First Amended Complaint ("FAC"), Plaintiff drops all but two of his claims: (1) "unfair" business practices under California's Unfair Competition Law ("UCL"); and (2) breach of the implied warranty of merchantability under the Song-Beverly Consumer Warranty Act ("Song-Beverly"). The FAC should be dismissed because Plaintiff's UCL claim fails to meet applicable pleading standards, and his Song-Beverly claim fails because Plaintiff has not complied with the Commercial Code's pre-suit notice requirement, which this Court already held applies to his Song-Beverly claim.

Plaintiff attempts to rescue his remaining UCL claim by arguing that the law of the case doctrine bars the Court from considering whether the FAC meets applicable pleading standards, or, in the alternative, arguing that it meets them. Both arguments are incorrect. The law of the case doctrine is inapplicable here because nothing in the Court's order dismissing the initial complaint approved or permitted the pleading deficiencies on which Defendants' motion is based. Nor can Plaintiff satisfy the controlling pleading standards by recasting allegations of "fraudulent" business practices in his initial complaint as "unfair" in the FAC. The Court dismissed these allegations as insufficiently pled, and it should do so again, regardless of how Plaintiff now chooses to label them.

Having failed to convince the Court to ignore clear statutory language applying the Commercial Code's pre-suit notice requirement to his remaining Song-Beverly claim, Plaintiff now urges the Court to rewrite the statute to nullify the requirement in most cases. He wants this Court to be the first to rule it inapplicable to manufacturers or hold that it can be satisfied by filing a lawsuit or having one's lawyer send a letter to the manufacturer almost a year after an alleged breach. The case law he cites makes clear that enforcing the pre-suit notice requirement here is consistent with the California Supreme Court's application of this "sound commercial rule" to warranty claims involving economic losses that are fully remediable under a manufacturer's express warranty. When his copy of *Halo 3* allegedly malfunctioned, Plaintiff understood his right to notify Defendants of his complaint and obtain under Microsoft's express

warranty the same remedy he now seeks here. He decided to sue instead. This is gamesmanship, not consumer protection, and the Court should reject it as such.

## II. ARGUMENT

### A. Plaintiff's Remaining UCL Claim Should Be Dismissed Because the FAC Does Not Allege Any "Unfair" Business Practice with the Requisite Particularity.

Plaintiff's remaining UCL claim should be dismissed because the FAC does not allege any "unfair" business practice with the requisite particularity. Plaintiff argues that the Court is precluded from considering whether the FAC meets applicable pleading standards under the law of the case doctrine, or, in the alternative, that the FAC meets them. Neither of these arguments saves his remaining UCL claim.

#### 1. The Law of the Case Doctrine Does Not Preclude the Court from Considering Whether the FAC Meets Applicable Pleading Standards

"Under the [law of the case] doctrine, a court is generally precluded from reconsidering an issue previously decided by the same court . . . [if] the issue in question [was] decided explicitly . . . in the previous disposition." *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000). In the Court's order granting in part and denying in part Defendants' motion to dismiss the initial complaint ("Order"), the Court held that the following allegations could support a UCL claim for "unfair" business practices:

> Plaintiff alleges that Defendants' practices or acts were unfair because they represented that Halo 3 was for use exclusively on Xbox 360, but when it was played on Xbox 360, it repeatedly and consistently froze, locked up or crashed, disrupting the game and rendering it inoperable. Allegedly, many consumers had complained about this problem to Defendants, but Defendants failed to acknowledge Halo 3's problems.

Order at 6-7 (internal citations omitted). In so holding, the Court expressly limited its ruling to Defendants' argument that *Klein v. Earth Elements*, 59 Cal. App. 4th 965, 970 (1997), precludes such a claim: "Klein does not support the proposition that Plaintiff failed to properly allege the claim. Defendants' arguments <u>in this regard</u> are rejected." Order at 7 (emphasis added). Accordingly, the Court has not "decided explicitly . . . in a previous disposition" whether the

6550500.1                                    2                    DEFENDANTS' REPLY IN SUPPORT OF
                                                                     MOTION TO DISMISS FAC
                                                                     CIVIL NO. 07CV2209-L

above allegations meet applicable pleading requirements and, therefore, is not precluded from doing so now under the law of the case doctrine.

Plaintiff disagrees, arguing that whether his UCL claim for "unfair" business practices satisfies applicable pleading standards is a "settled issue" under the Court's Order. Because the Court's Order makes clear that it did not address, let alone settle, this issue, the law of the case doctrine is inapplicable. And, even if it applied (which it does not), it would not preclude the Court from considering the issue now. *Mendenhall v. Nat'l Transp. Safety Bd.*, 213 F.3d 464, 469 (9th Cir. 2000) ("The effect of the doctrine is not dispositive, particularly when a court is reconsidering its own judgment, for the law of the case directs a court's discretion, it does not limit the tribunal's power.").

**2. Plaintiff Cannot Show That the FAC Satisfies Applicable Pleading Standards by Recasting as "Unfair" Business Practices Allegations of "Fraudulent" Business Practices Which the Court Has Already Dismissed as Insufficiently Pled.**

In an obvious attempt to side-step the pleading deficiencies Defendants identified in their opening brief, *see* Opening Br. at 10-16, Plaintiff ignores the only allegations the Court relied on in sustaining his UCL claim for "unfair" business practices. Instead, he relies on allegations that, in his initial complaint, were cast as "fraudulent" business practices and dismissed as insufficiently pled. Order at 4.

In denying Defendants' motion to dismiss Plaintiff's UCL claim for "unfair" business practices, the Court analyzed whether such a claim was barred by *Klein v. Earth Elements*, a case in which, as here, the plaintiff asserted UCL claims against a manufacturer for selling an allegedly defective product. In ruling on Defendants' motion, the Court distinguished *Klein* based on allegations in the initial complaint that Defendants did not <u>acknowledge *Halo 3* problems in response to consumer complaints</u>, in contrast to what the Court characterized as the *Klein* defendants' "exemplary response." *Id.* at 5.

In his opposition, Plaintiff ignores these allegations—the only allegations the Court held stated a UCL claim for "unfair" business practices—and offers no clue about what he contends Defendants were supposed to do to "acknowledge" the alleged "problems with *Halo 3*."

6550500.1 3 DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FAC
CIVIL NO. 07CV2209-L

And, of course, he fails to mention that the remedy he seeks here was available to him, and all other consumers who experienced any "problems with *Halo 3*," under Microsoft's express warranty. Nor does he allege that Microsoft failed to honor its warranty with respect to him or any other consumer.

Instead, he argues that the following allegations sufficiently plead his UCL claim for "unfair" business practices:

> [B]y manufacturing and marketing a defective video game that Defendants knew was defective while concealing from Plaintiff and other purchasers of the game that the game freezes, locks up and/or crashes when used on the video game system for which it is exclusively manufactured, Defendants have engaged in unfair business practices [] proscribed by Section 17200.

Opp. Br. at 4. These allegations, which plainly accuse Defendants of fraudulent conduct by concealing alleged defects, were previously alleged as "fraudulent" business practices in the initial complaint, which the Court dismissed under Rule 9(b). Order at 5-6.

Whether labeled as "fraudulent" or "unfair" business practices, these allegations remain subject to Rule 9(b)'s particularity requirement. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003) (holding that "[f]raud can be averred by specifically alleging fraud, or by alleging facts that necessarily constitute fraud <u>even if the word 'fraud' is not used</u>," and dismissing UCL claims for "unfair" business practices based on alleged misrepresentations under Rule 9(b)) (emphasis added); *Brothers v. Hewlett-Packard Co.*, No. C-06-02254, 2006 WL 3093685, at *6-7 (N.D. Cal. Oct. 31, 2006) (holding that "[t]he *Vess* court explicitly found that allegations of false misrepresentations constitute[] allegations that sound[] in fraud" and dismissing UCL claims for "unfair" business practices because "plaintiff allege[d] no contemporaneous facts that [the defendant manufacturer] knew about the alleged defects when plaintiff . . . purchased [the allegedly defective product]"); *Snyder v. Ford Motor Co.*, No. C-06-0497, 2006 WL 2472187, at *3-4 (N.D. Cal. Aug. 24, 2006) (same). Plaintiff failed to satisfy Rule 9(b) in his initial complaint, and, as set forth in Defendants' opening brief, fails again here, as even he admits that his UCL claims are reasserted "virtually verbatim" in the FAC. Opp. at 1; Opening Br. at 11-14.

To the extent his UCL claim for "unfair" business practices is based on non-fraudulent conduct, Plaintiff does not address how the FAC states "with reasonable particularity <u>the facts</u> supporting the statutory elements of the violation." *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 619 (1993) (emphasis added). As Defendants set forth in their opening brief, Plaintiff does not describe, *inter alia*, what actions Defendants were supposed to take to "acknowledge" or "otherwise remedy" the alleged problems with *Halo 3* or why failure to take such action constitutes an "unfair" business practice under California law. *See* Opening Br. at 15-16. Instead, as above, he focuses on allegations the Court already rejected under the UCL's "fraudulent" prong as insufficiently pled and offers no sound reason why the Court should reach a different conclusion here.

**B.  Plaintiff's Remaining Song-Beverly Claim Should Be Dismissed Because the FAC Does Not Allege the Requisite Notice.**

Plaintiff's remaining Song-Beverly claim should be dismissed because the FAC does not allege the requisite notice. In dismissing Plaintiff's Song-Beverly claims in the initial complaint, the Court held that the Act's "statutory language is clear" that these claims are subject to the Commercial Code's pre-suit notice requirement. Order at 4. Having failed to convince the Court to ignore this clear statutory language, Plaintiff now argues that the Court should excuse this requirement for <u>all</u> warranty claims against manufacturers, or, in the alternative, find that it may be satisfied by filing a lawsuit or having one's lawyer send a letter to the manufacturer after the lawsuit is brought and dismissed, and almost a year after the alleged malfunction. The Court should reject Plaintiff's invitation to be the first court to sanction this tactic.

**1.  *Greenman* and "Its Progeny" Do Not Render the Commercial Code's Pre-Suit Notice Requirement Inapplicable to Plaintiff's Song-Beverly Implied Warranty Claim.**

Plaintiff argues that *Greenman v. Yuba Power Products, Inc.*, 59 Cal. 2d 57, 61 (1963)—and "its progeny"—hold that the Commercial Code's pre-suit notice requirement does not apply to warranty claims against manufacturers. Opp. Br. at 5. The so-called "progeny" includes only one California case, *Corp. of Presiding Bishop of Church of Jesus Christ of Latter-Day Saints v. Cavanaugh*, 217 Cal. App. 2d 492, 514-15 (1963), which, like *Greenman*, was

6550500.1  5  DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FAC
CIVIL NO. 07CV2209-L

decided almost fifty years ago, and has never been cited by any California court to excuse pre-suit notice in a case involving claims and facts such as those at issue here. And there is good reason for this. Neither of these cases supports the broad rule Plaintiff advocates.

In *Greenman*, the California Supreme Court considered whether the statutory notice requirement of the Sales Act, the predecessor to the Commercial Code, barred recovery by a plaintiff who suffered physical injuries while using an allegedly defective power tool. Before purchasing the tool, the plaintiff read the manufacturer's brochure, which stated that the tool's "[r]ugged construction…provides rigid support from end to end." 59 Cal. 2d at 60, n.1. Some time later, the plaintiff purchased the tool and, while using it, suffered "serious injuries" when a piece of wood "suddenly flew out of the machine and struck him in the forehead." *Id.* at 59. The plaintiff sued the manufacturer for negligence and breach of express warranties based on statements contained in the manufacturer's brochure. *Id.* On appeal, the manufacturer argued that the express warranty claims were barred because the plaintiff did not give notice of the alleged breaches within a reasonable time. *Id.* at 60. The Court rejected this argument, holding that the statutory notice requirement of the Sales Act "does not provide that notice must be given of the breach of a warranty that arises independently of a contract of sale between the parties." *Id.* at 60-61.

Plaintiff seizes on this language to argue that *Greenman* disposes of the notice requirement for <u>all warranty claims</u> against <u>all manufacturers</u>, and relies on *Cavanaugh*, 217 Cal. App. 2d at 514-15, for the proposition that this rule applies to <u>all types of injuries</u>, regardless of whether they are fully remediable under the manufacturer's express warranty. Neither of these cases supports the broad rule Plaintiff advocates, which would nullify pre-suit notice in most cases.

In *Cavanaugh*, the plaintiff sued a manufacturer of plastic tubing for breach of express warranty based on statements it made orally and in promotional material that plastic tubing could be used in place of copper tubing in radiant heating systems. 217 Cal. App. 2d at 509-10. Relying on these representations, the plaintiff's architect specified plastic tubing for a heating system that, once installed, proved incapable of maintaining sufficient pressure to heat

the building. *Id.* at 497. A jury awarded damages for the cost of replacing the plastic tubing with copper pipe, including costs incurred in having to rebuild surrounding structures. *Id.* On appeal, the defendant manufacturer argued that the plaintiff's recovery was barred because he failed to give timely notice of the alleged breach. *Id.* at 514. The court rejected this argument because the express warranty at issue "was not part of a contract of sale between the manufacturer and the plaintiff," *id.*, and, therefore, under *Greenman*, was not subject to statutory notice requirements: "In the absence of a statutory provision for notice, even if the plaintiff did not give timely notice of breach of warranty to the manufacturer the cause of action should not be held to have been barred." *Id.* at 515.

The *Cavanaugh* court recognized that *Greenman* involved personal injuries, but concluded that its reasoning was "persuasive with respect to a case of the nature of the one now before the court":

> In the present case the plaintiff did not deal directly with the manufacturer. A person in the position of the plaintiff ordinarily would not be aware of his rights as against the manufacturer until he had received legal advice predicated upon an adequate investigation of the facts as to the manufacturer's participation in the chain of events culminating in damage to the plaintiff.

217 Cal. App. 2d at 515. Thus, the *Cavanaugh* court expressly limited its holding to cases which, like *Greenman*, involve consumers whose injuries are such that they would not be aware of their rights against a manufacturer with whom they have not dealt directly, and, indeed, cannot even determine the cause of their injuries without a factual investigation, e.g., whether physical injuries are caused by a design defect or the consumer's own misuse (as in *Greenman*); or whether a malfunctioning heating system and resulting property damage are caused by a defective component or by faulty installation of the system (as in *Cavanaugh*). In his opposition, Plaintiff quotes the above passage from *Cavanaugh* without a hint of acknowledgement that the "nature" of his case does not bear the slightest resemblance to *Greenman* or *Cavanaugh*. Opp. Br. at 6.

*First*, Plaintiff does not allege physical injuries, which were central to *Greenman's* rejection of the pre-suit notice requirement, and all other warranty-based standards of liability, in holding that manufacturers whose products cause personal injuries to consumers are strictly liable

in tort. 59 Cal. 2d at 63 ("[R]ules defining and governing warranties that were developed to meet the needs of commercial transactions cannot properly be invoked to govern the manufacturer's liability to those injured by its defective products."). *Second*, even assuming the reasoning of *Greenman* is properly applied in cases not involving personal injuries, *Greenman* and *Cavanaugh* involve express warranties, not implied warranties. In contrast to these express warranties, which were based on statements in promotional material reviewed before purchase and therefore, by definition, arose independently of the sales contract, there is no question that the implied warranty at issue here is part of the sales contract for *Halo 3*. Under section 1792 of Song-Beverly, "<u>every sale</u> of consumer goods that are sold at retail in this state <u>shall be accompanied</u> by the manufacturer's and the retail seller's implied warranty that the goods are merchantable." (emphasis added). Accordingly, plaintiff's claim is based on a warranty that, by Song-Beverly's terms, is made part of every sale of consumer goods in California.[1]

*Finally*, Plaintiff cannot seriously contend that he or any other consumer whose copy of *Halo 3* malfunctioned would be unaware of his or her rights against Defendants to obtain the remedies he seeks here without obtaining "legal advice predicated upon an adequate investigation of the facts as to the manufacturer's participation in the chain of events." *Cavanaugh*, 217 Cal. App. 2d at 515. In *Klein v. Earth Elements, Inc.*, 59 Cal. App. 4th 965 (1997), the court of appeal addressed what a reasonable consumer would understand about his rights against the manufacturer in a case involving facts analogous to this case. The court observed, in rejecting the plaintiff's UCL claim for "fraudulent" business practices against the manufacturer of defective dog food that the plaintiff purchased from a retail seller:

---

[1] The cases Plaintiff cites as part of the *Greenman* "progeny" are likewise distinguishable on these grounds. *See Blennis v. Hewlett-Packard Co.,* No. C 07-00333, 2008 WL 818526, at *3 (N.D. Cal. March 25, 2008) ("HP's express warranties were not contained in the contract of sale between the Plaintiffs and the retail sellers but instead were created independently in HP's brochure. Thus, even if Plaintiffs did not give timely notice of the breach to HP, the claim is not barred."); *In re HP Inkjet Printer Litig.*, No. C 05-3580, 2006 WL 563048, at *5 (N.D. Cal. Mar. 7, 2006) ("HP's express warranties were not contained in the contract of sale between the Plaintiffs and the retail sellers, but instead were created independently in HP's brochure. Thus, even if Plaintiffs did not give timely notice of breach of express warranty to HP, the claim is not barred.").

> While the customer buying "Nature's Recipe" would anticipate that the product was pet-edible, that same customer would not be deceived when the food turned out to be contaminated. While we expect that food we buy will not be rotten or contaminated, we know that sometimes it is—this is a fact of life. As soon as a dog refused to eat or vomited, the customer would know something was wrong and, as we all have contemplated doing from time to time, might have returned the defective product to the store, contacted the manufacturer, etc.

*Id.* at 970. Surely a consumer whose copy of *Halo 3* malfunctions would likewise understand that he or she could either return the product to the retailer or contact Microsoft directly to obtain the exact remedies sought here—a repair or replacement, or a refund, under Microsoft's express warranty, which accompanies every copy of *Halo 3*—without obtaining legal advice or conducting an extensive factual investigation.

The Court should reject Plaintiff's invitation to excuse the notice requirement where, as here, the implied warranty claim at issue is made part of the contract of sale by the very statute that governs all sales of consumer goods in California when there is no reason to believe that consumers in the plaintiff's position would be unaware of their rights against the manufacturer. Here, Plaintiff's failure to provide pre-suit notice to Defendants is not the result of uncertainty about the cause of his alleged economic loss, or whether he had a right to obtain the remedy he seeks. It was knowing and intentional. He chose litigation over requesting a repair, replacement, or refund under Microsoft's express warranty. The Court should not countenance such behavior.

### 2. Filing a Lawsuit Does Not Excuse Plaintiff from the Pre-Suit Notice Requirement Under the "Actual Knowledge" Exception.

Plaintiff argues that, even if the pre-suit notice requirement applies to his Song-Beverly implied warranty claim, he is excused from complying with it because Defendants had "actual knowledge" of the alleged breach with respect to his particular copy of *Halo 3* "by dint of Plaintiff's original filing of his suit against Defendants." Opp. Br. at 7. In other words, Plaintiff contends that he gave Defendants "actual knowledge" by filing a lawsuit. Plaintiff argues that

Defendants attempt "to limit" the reach of the "actual knowledge" exception. Opp. Br. at 7. Plaintiff misunderstands (or misrepresents) the law and Defendants' argument.

In *In re McDonald's French Fries Litigation*, which Plaintiff cites in the FAC and agrees in his opposition supplies the correct legal standard, FAC ¶ 11; Opp. Br. at 7, the court held that a buyer pursuing a breach of warranty claim must give pre-suit notice of the claimed breach or be barred from recovery, subject to two exceptions: "(1) the seller has actual knowledge of the defect of the particular product; or (2) a consumer plaintiff suffers a personal injury, in which case the notice requirement could be satisfied by filing a lawsuit against the seller." 503 F. Supp. 2d 953, 956 (N.D. Ill. 2007) (emphasis added). Only the latter exception, notice-by-lawsuit, is limited to personal injury cases, and Defendants do not contend otherwise. *Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 590 (Ill. 1996) (holding that providing notice by filing a lawsuit does not satisfy the pre-suit notice requirement because "[w]here the breach has not resulted in personal injury, the UCC indicates a preference that the breach be cured without a lawsuit"). And neither does Plaintiff, since he does not even attempt to argue that the initial complaint satisfies the notice-by-lawsuit exception.

Relying solely on the first exception, actual knowledge, he admits that he must show that Defendants had knowledge of the alleged breach of warranty with respect to his copy of *Halo 3*. To show such knowledge, he points to the initial complaint and argues that Defendants insist "they at present have no actual knowledge of Plaintiff's particular problems with their product." Defendants do not contend that the actual knowledge exception is inapplicable here because they have no knowledge of the claimed breach with respect to Plaintiff's copy of *Halo 3*, which they have now been litigating for close to a year. Instead, Defendants assert that Plaintiff cannot satisfy the actual knowledge exception by filing a lawsuit, because the notice-by-lawsuit exception is limited to cases involving personal injuries. If the actual knowledge exception could be satisfied by filing a lawsuit, the notice-by-lawsuit exception, and its limitation to personal injury cases, would be rendered a nullity. The Court should reject Plaintiff's invitation to invalidate the notice-by-lawsuit exception.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FAC CIVIL NO. 07CV2209-L

### 3. The September 12, 2008 Letter to Defendants' Counsel Does Not Satisfy the Pre-Suit Notice Requirement.

Finally, the letter that Plaintiff's lawyers sent to Defendants' counsel on September 12, 2008, almost a year after he allegedly discovered an alleged breach (and only after the court dismissed his warranty claims for failure to provide notice), fails to satisfy the pre-suit notice requirement. As set forth in Defendants' opening brief, such a rule as the one that Plaintiff advocates would seriously undermine the rationale and policy objectives of the pre-suit notice requirement. *See Reyes v. McDonald's Corp.*, No. 06 C 1604, 2006 WL 3253579, at *3 (N.D. Ill. Nov. 8, 2006) ("the notice requirement in the U.C.C. embodies a policy decision on the part of the statute's drafters that . . . adverse parties would have knowledge of a pending claim and have an incentive to attempt settlement of breach of warranty claims prior to commencement of a suit"); *Anthony v. Country Life Mfg.*, No. 02-C-1601, 2002 WL 31269621, at *4 (N.D. Ill. Oct. 9, 2002) ("[T]the reason for the notice requirement is simple: the UCC prefers that the breach be cured without the lawsuit, and requiring consumers to first contact the manufacturer before filing suit allows the manufacturers to address the breach."). Moreover, even if "pre-suit" notice were not required (and again, it is required), the September 2008 letter does not constitute "reasonable" notice to Defendants. Plaintiff allegedly purchased his copy of *Halo 3* "on or around the middle of October, 2007" (FAC ¶ 34) and filed his initial complaint on November 7, 2007, which means that he must have discovered the alleged breach of warranty no later than early November 2007, almost a full year before his lawyers sent the September 2008 letter to Defendants' counsel. This is hardly pre-suit notice.

### III. CONCLUSION

For the reasons stated above, Defendants respectfully request that the FAC, and claims alleged therein, be dismissed.

| | | |
|---|---|---|
| DATED: December 8, 2008 | | MUNGER, TOLLES & OLSON, LLP |
| | | By: _____s/*Rosemarie T Ring*_____ |
| | | ROSEMARIE T. RING |
| | | rose.ring@mto.com |
| | | Attorneys for Defendants |
| | | MICROSOFT CORPORATION and |
| | | BUNGIE, LLC |

6550500.1

12

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS FAC
CIVIL NO. 07CV2209-L