UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY NUNEZ,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, a<br>Washington corporation, *et al.*,<br><br>　　　　　Defendants.<br>_____ | Civil No. 07cv2209-L(WMc)<br><br>**ORDER DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION, GRANTING PLAINTIFF LEAVE TO AMEND, AND DENYING AS PREMATURE DEFENDANTS' MOTION TO DISMISS** |

　　　　In this consumer action, Plaintiff, a purchaser of the Halo 3 video game, claims breach of the implied warranty of merchantability under the California Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790 *et seq.*, and violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. Defendants filed a motion to dismiss both causes of action from the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposed the motion and Defendants replied. Because Plaintiff failed to adequately allege diversity jurisdiction under 28 U.S.C. § 1332, the action is **DISMISSED** *sua sponte* with **LEAVE TO AMEND**. Defendants' motion to dismiss is **DENIED** as premature.

/ / / / /

/ / / / /

/ / / / /

Federal subject matter jurisdiction in this case is based on diversity under 28 U.S.C. § 1332(a)(1) and (d)(2)(A) (the Class Action Fairness Act of 2005).[1] (First Am. Compl. ¶ 22.) Because the complaint fails to allege the facts necessary to determine whether the parties are even minimally diverse, the action is dismissed for lack of subject matter jurisdiction.

The federal court is one of limited jurisdiction. *See Gould v. Mutual Life Ins. Co. of N.Y.*, 790 F.2d 769, 774 (9th Cir. 1986). It possesses only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). It is constitutionally required to raise issues related to federal subject matter jurisdiction and may do so *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). A federal court must satisfy itself of its jurisdiction over the subject matter before proceeding to the merits of the case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577, 583 (1999).

The plaintiff bears the burden of demonstrating that jurisdiction is properly before the court. *See Thornhill Publ'g Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). The complaint must affirmatively allege the state of citizenship of each party. *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 551 (9th Cir. 1987); *see also Kanter v. Warner-Lambert, Co.*, 265 F.3d 853 (9th Cir. 2001).

Plaintiff alleges that Defendant Microsoft is incorporated under the laws of the State of Washington and maintains its principal executive offices in that state. (*Id.* ¶ 18.) For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . .." 28 U.S.C. § 1332(c)(1). Plaintiff does not allege the principal place of business for Microsoft. The location of principal executive offices is not necessarily indicative of the principal place of business. *See, e.g., Davis v. HSBC Bank Nev., N.A.*, 557 F.3d 1026, 1027 (9th Cir. 2009). Accordingly, Plaintiff fails to adequately allege the citizenship of Microsoft.

---

[1] The First Amended Complaint also references 15 U.S.C. § 1121. This statute applies to trademark infringement actions and is inapplicable to confer subject matter jurisdiction in this case.

It is unclear from the allegations whether Defendant Bungie is a corporation or a limited liability company. (*Cf.* First Am. Compl. caption (L.L.C.) & *id.* ¶¶ 19 & 24 (corporation).) Its designation as "L.L.C." indicates that it is a limited liability company. The citizenship of a limited liability company for purposes of diversity jurisdiction is determined by examining the citizenship of each of its members. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990). Plaintiff does not allege the citizenship of each of Bungie's members. If Bungie is a corporation, Plaintiff must allege its principal place of business rather than the location of principal executive offices.

Plaintiff alleges he is a California resident. (First Am. Compl. ¶ 20.) However, for diversity purposes, a person is a citizen of a state in which he or she is domiciled. *Kanter*, 265 F.3d at 857. Plaintiff does not allege where he is domiciled. "[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Id.* "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* Accordingly, Plaintiff fails to adequately allege his own citizenship for purposes of diversity jurisdiction. *See id.*

Because the complaint does not allege the facts necessary to establish minimal diversity as required by 28 U.S.C. § 1332(d)(2)(A), the first amended complaint is dismissed for lack of subject matter jurisdiction. Pursuant to 28 U.S.C. § 1653, Plaintiff is granted leave to amend the jurisdictional allegations.

Defendants' motion to dismiss pursuant to Rule 12(b)(6) is denied as premature. However, to spare the parties another round of briefing, if and when Plaintiff files the second amended complaint, Defendants are granted leave to resubmit their motion to dismiss without briefing it again. Accordingly, at Defendants' election, if and when Plaintiff files the second amended complaint, Defendants may respond to it within the time provided herein by filing a notice of motion referencing their current motion and submitting it on the papers. The court will not allow any additional briefing, but will consider the moving, opposition, reply and notice of supplemental authority papers already on file when ruling on the motion. If Defendants decide
/ / / / /

to file a new Rule 12(b) motion instead of resubmitting the current one, they have to follow the procedure in Civil Local Rule 7.1.[2]

Based on the foregoing, it is hereby **ORDERED** as follows:

1. The first amended complaint is **DISMISSED** for lack of subject matter jurisdiction and Plaintiff is **GRANTED LEAVE TO AMEND**.

2. Defendants' motion to dismiss pursuant to Rule 12(b)(6) is **DENIED** as premature; however, Defendants may resubmit the fully briefed motion as provided herein.

3. If Plaintiff decides to amend the complaint, the second amended complaint must be filed no later than twenty-one (21) calendar days after this order is stamped "Filed." Any response to the second amended complaint must be filed no later than ten (10) calendar days after service.

**IT IS SO ORDERED.**

DATED: August 13, 2009

M. James Lorenz
United States District Court Judge

---

[2] The foregoing is not intended to foreclose Defendants' option of filing an answer.